HATTIE E. HAMMOND *vs.* BOARD OF APPEAL OF THE BUILDING DEPARTMENT OF SPRINGFIELD.

Hampden.    September 23, 1926. — November 23, 1926.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Springfield.    Zoning.    Municipal Corporations.*

The board of appeal of the building department of the city of Springfield, having heard a petition by the owner of a building in "Residence B" district, established by a zoning ordinance providing that therein no building or premises should be used and no building or structure erected which should be intended or designed to be used in whole or in part for any industry, trade, manufacturing or commercial purpose, found in substance "that practical difficulty and unnecessary hardship was imposed upon the petitioner, caused by his inability to rent the property in question for residential purposes, it being in close proximity to non-conforming business premises"; that the granting of the petition in no way would establish a new business section; and "that desirable relief could very properly be granted the petitioner without derogation from the intent and purpose of the zoning ordinance." Upon agreed facts at the hearing of a petition for a writ of certiorari, it was *held*, that it could not be said that the action of the board of appeal was without warrant in law; following *Norcross* v. *Board of Appeal*, 255 Mass. 177.

PETITION, filed in the Superior Court, on May 6, 1926, for a writ of certiorari to quash certain proceedings of the board of appeal of Springfield.

The facts were agreed upon and the case was reserved by *Carroll*, J., for determination by the full court.

The case was submitted on briefs.

*G. F. Leary & G. D. Cummings*, for the petitioner.

*C. H. Beckwith*, City Solicitor, for the respondent.

RUGG, C.J.    This is a petition for a writ of certiorari whereby it is sought to set aside a vote of the board of appeal of Springfield to vary the zoning ordinance of that city so as to permit the alteration of and addition to a specified dwelling house located within "Residence B" district as established by the zoning ordinance for use as a retail store, a use in general prohibited within said district "B." The pertinent facts are that one Davidson, the owner of the specified dwelling house, several times petitioned the appropriate municipal board of Springfield to amend the zoning ordinance so that his estate would be in "Business A" district, and that his petitions were denied. Then he petitioned the board of appeal established by the zoning ordinance to vary the ordinance with respect to his property so as to permit alteration of and addition to his dwelling for use as a retail store. In "Residence B" district established by the zoning ordinance, no building or premises should be used and no building or structure erected which should be intended or designed to be used in whole or in part for any industry, trade, manufacturing or commercial purpose. The board of appeal was clothed with power under the ordinance to "vary the application of this ordinance in specific cases wherein its enforcement would involve practical difficulty or unnecessary hardship and wherein desirable relief may be granted without substantially derogating from the intent and purpose thereof, but not otherwise." The reasons set forth in the record of the board of appeal for varying the ordinance so as to permit use of the Davidson dwelling as changed for a retail store were these: "It was the opinion of the Board that from the testimony given by a large majority of those present at the hearing that practical difficulty and unnecessary hardship was imposed upon the petitioner, caused by his inability to rent the property in question for residential purposes, it

being in close proximity to non-conforming business premises. It was also shown that public necessity would be better served by the establishment of an additional store in a fast growing community. The owner of the adjoining property on Wilbraham rd., offering no objection, and the store in question adjoining other business premises; and in no way establishing a new business section, the Board was of the opinion that desirable relief could very properly be granted the petitioner without derogation from the intent and purpose of the Zoning Ordinance." It appears from agreed facts that Wilbraham Road, upon which the dwelling in question is located, is a main line of travel; that at the time the zoning ordinance went into effect there were buildings in the neighborhood not conforming as to their use with the restrictive provisions established as applicable to a "Residence B" district; that adjacent to the Davidson property was a one story structure used for four retail stores, two facing on Wilbraham Road and two on another street; that distant three hundred and fifty feet on Wilbraham Road is property occupied by an automobile repair shop of considerable size; that distant two hundred feet is a one story structure on Wilbraham Road used for three stores, and farther away another one story structure with four stores, to which access is had from Wilbraham Road. Nearby is a machine shop, where ten men are employed.

The governing principles of law have been recently set forth at length in *Bradley* v. *Zoning Adjustment Board of Boston,* 255 Mass. 160, 163, 173, 174, and *Norcross* v. *Board of Appeal,* 255 Mass. 177, 184–186. They need not be reiterated. Recognizing that the power of variation is to be sparingly exercised and only in rare instances and under exceptional circumstances peculiar in their nature, and with due regard to the main purpose of a zoning ordinance to preserve the property rights of others, it cannot quite be said here that the action of the board of appeal now assailed was without warrant in law. The factor that the neighborhood, when the zoning law went into effect, was not exclusively residential was of some consequence. The case at bar falls within the authority of *Norcross* v. *Board of Appeal, supra.*

*Petition dismissed.*