MARY G. AMERO & others *vs.* BOARD OF APPEAL OF THE CITY OF GLOUCESTER.

Essex.   February 8, 9, 1933. — May 22, 1933.

Present: RUGG, C.J., CROSBY, WAIT, DONAHUE, & LUMMUS, JJ.

*Zoning*, Variation.   *Board of Appeal.   Certiorari.   Notice.*

In a petition for a writ of certiorari to quash action, by the board of appeals constituted under the zoning ordinance of a city, varying the application of the ordinance, the circumstance, that the record of the respondents' proceedings recited that notices of their public hearing

had been mailed to certain landowners as they appeared "on the local tax list," rather than "on the most recent local tax list" as specified in G. L. (Ter. Ed.) c. 40, § 27A, did not require the issuance of the writ: the reasonable implication was that the respondents, in referring to "the local tax list," meant the most recent list.

The record of the board in dealing with the petition to vary above described was sufficiently detailed within the requirement of said § 27A, where it set forth the manner of giving the required notice, the holding of public hearings after such notice, the facts found by the board and its conclusions, and its unanimous decision on the petition.

In the provision of said § 27A requiring that notice of the decision of the board of appeals upon such a petition be mailed forthwith to "each party in interest as aforesaid," the quoted words include not only the petitioner and persons who have opposed the petition at the public hearing by the board, but also all other persons to whom notice was given of the hearing.

Although, in the petition for a writ of certiorari above described, it appeared that notice of the respondents' decision had been mailed only to the petitioner and to certain persons who had opposed the variance of the zoning ordinance, in the circumstances there was no error in a ruling by a single justice, as a matter of discretion, that the writ should not issue because of the failure to notify the other persons entitled to notice, they all having assented to the variance at the respondents' hearing: no one was harmed by the respondents' failure to comply strictly with the statute.

It *was stated* that a board of appeals constituted under a zoning ordinance, in dealing with a petition to vary the ordinance, is not confined to the grounds for such action specified in the ordinance, but also may act upon the grounds specified in G. L. (Ter. Ed.) c. 40, § 27A.

Where it appeared that a landowner in a city, previous to the adoption of a zoning ordinance under which his property was placed in a single residence district, had conducted an automobile rental and repair business on his premises and had sold gasoline from a single pump; that under the ordinance he was allowed to continue in such business but not to increase it; that in order properly to cater to the motoring public it was necessary to sell two kinds of gasoline, which would require another pump; that the addition of one pump would not necessarily increase his business but merely would enable him to retain his then customers; and that most of the landowners in the vicinity had no objection to the installation of an additional pump, a variance of the ordinance to permit such installation was warranted both on the ground, specified in the ordinance, of public convenience and the grounds specified in G. L. (Ter. Ed.) c. 40, § 27A.

PETITION for a writ of certiorari, filed in the Supreme Judicial Court for the county of Essex on November 14, 1931, and afterwards amended, described in the opinion.

The petition was heard by *Field*, J. Material facts, rulings made and refused by the single justice and an order

by him dismissing the petition are described in the opinion. The petitioners alleged exceptions.

Section 24 of the zoning ordinance of the city of Gloucester is as follows:

## APPEALS

SECTION 24. A board of appeals is hereby established . . . [with provisions as to the appointment of members and their tenure of office].

Any persons aggrieved by the refusal of the building inspector or the Municipal Council to issue a permit under the provisions of this ordinance, may appeal to the Board of Appeals as provided in Sections 27 and 27A, Chapter 40 of the General Laws.

## VARIATIONS

When in its judgment the public convenience and welfare will be substantially served, and where such exception will tend to improve the status of the neighborhood, the Board of Appeals may on petition in specific cases, after public notice, a hearing, and subject to such appropriate conditions and safeguards as it may impose, determine and vary the application of the district regulations herein established in harmony with their general purpose and intent as follows:

(a) Permit the alteration of a one-family house or building existing at the time this ordinance is adopted and wherever located, to accomodate [*sic*] two families.

(b) Issue conditional permits for temporary structures and uses which do not conform to the regulations herein prescribed, provided that no such permit shall be for more than a one-year period.

(c) Permit a hotel in a one-family district, provided there is a front yard set-back of a [*sic*] least 40 feet, side yards as wide as the building is high and a rear yard 100 feet in depth.

(d) Permit such variations as are authorized under the provisions of Section 27A, Chapter 40 of the General Laws.

(e) Permit a community garage for more than 10 cars where conditions warrant such use, subject to such conditions as will protect the community.

*J. M. Marshall,* for the petitioners.
*C. W. Wonson,* for the respondents.

WAIT, J. The petitioners except to rulings made at a hearing upon a petition for certiorari, which prayed that this court quash a decision of the board of appeals constituted under the zoning ordinance of the city of Gloucester. The proceeding sought to be invalidated was begun by petition of one Morse that the board so vary the existing ordinance that he might install a gasoline pump upon premises zoned within a single residence district, and might thus be aided in carrying on an industrial business there. It appeared that before the passage of the ordinance he had carried on the business of renting garages, repairing automobiles and selling gasoline and appurtenances for them upon the premises, using a gasoline pump which did not stand upon his own land. He desired to install a second pump so that he might supply a second kind of gasoline; and to place this second pump upon land of his own. Notices of a public hearing, published in the Gloucester Daily Times, were mailed by the board to the several persons deemed by the board to be affected and to the attorney for the petitioners. Hearings were had. All abutters assented to the grant of the petition. The petitioners, resident in the district, objected, and were heard. On October 29, 1931, the board granted the petition; and, on November 2, 1931, copies of the decision were filed with the city clerk and were mailed to the attorneys of the petitioners and the remonstrants. The decision of the board was unanimous. It recited that hearing was had after three publications of notice in said newspaper and the mailing of notice to the petitioners and "to the owners of all property deemed to be affected thereby as they appear on the local tax list." It stated that the board found "That the petitioner was engaged in an auto rental and repair business in the present location previous to the adoption of the zoning ordinance;

that under the provisions of said ordinance he is allowed to continue in said business but cannot increase it; that at the present time he has one pump, that it seems to this board that it is necessary in catering to the motoring public to have two kinds of gas. In order to do that the petitioner must have an additional pump. The board finds that this will not necessarily increase his business but will enable him to hold on to his present customers. The board finds that practically all filling stations or garage repair shops have two kinds of gas." It also stated that the abutters residing in the near vicinity offered no objection; that the largest land owner of the vicinity regarded it as an advantage to tenants of his cottages to be enabled to get their supplies and have repairs made in the immediate vicinity. All other abutters upon the street, although represented at the hearing, made no objection. One of the objectors (an appellant) cannot see the premises from her property. Another, who can see them, objected because they were unsightly. The decision concluded: "The board feel that the granting of this petition will not in any way derogate from the intent and purposes of the zoning ordinance but that the refusal of said petition would cause the petitioner unnecessary hardship and that desirable relief may be granted without substantially derogating from the intent and purpose of said ordinance." By agreement the return of the board has been extended to include a copy of the notice of petition and hearing and a statement that the petitioner held no license or permit for the sale or storage of gasoline from the municipal council but had acted solely under a permit issued by the inspector of buildings and fire.

G. L. (Ter. Ed.) c. 40, § 27A, authorizes a board of appeals to vary the application of any zoning ordinance or by-law in specific cases "wherein its enforcement would involve practical difficulty or unnecessary hardship and wherein desirable relief may be granted without substantially derogating from the intent and purpose of such by-law or ordinance, but not otherwise." It lays down the procedure to be followed. There must be a written petition addressed to the board, a public hearing, notice of

which must be mailed to the petitioner and to the owners of all property deemed by the board to be affected as they appear "on the most recent local tax list" and also advertised in a newspaper. The decision must be the unanimous decision of the entire membership of the board. The board must make a detailed record of all its proceedings relative to the petition, which must set forth the reasons for the decision, the vote of all members participating and the absence of a member or his failure to vote. "Immediately following the board's final decision" the record must be filed in the office of the city or town clerk, open to public inspection, and notice of the decision must be "mailed forthwith to each party in interest as aforesaid." Within fifteen days "Any person aggrieved . . . whether previously a party to the proceeding or not," or any municipal officer or board may bring in the Supreme Judicial Court a petition for writ of certiorari to correct errors of law.

The requests filed by the petitioners sought rulings that the order granting a variance and a permit to install a gasoline pump should be quashed; that the reasons set forth in the decision were not sufficient in law; that, on the record, the order should be quashed because it did not show that the "most recent" tax list was used to determine the owners to be notified, nor, by stating that "due notice" was given, sufficiently set out what notice of hearing was given, nor that notice of the decision was filed with the city clerk "immediately following the board's final decision," nor that notice of the decision was "mailed forthwith to each party in interest," nor that a detailed record of all proceedings relative to the petition was filed in the city clerk's office; and, further, that the record does not show that "public convenience and welfare will be substantially served nor that the status of the neighborhood would be improved by granting the petition to vary application of said zoning ordinance, the only grounds . . . upon which the board of appeals may vary its application as provided in § 25 [*sic*] of said ordinance." The single justice denied the foregoing requests except in so far as he ruled that notice of the decision was not mailed "to each

party in interest." He ruled, as matter of discretion, that the writ should not issue for any defect with respect to the tax list used, the form of notice given, the delay from October 29 until November 2 in filing the decision and giving notice thereof, the lack of detail in the report filed. He ordered the petition dismissed, but not as matter of discretion except as above stated.

We find no error. The appellants do not argue the objections that the filing and mailing on Monday, November 2, 1931, were not done "immediately" or "forthwith" after the rendition of the decision on Thursday, October 29. We treat them as properly waived. The omission of the words "most recent" in describing the tax list used is not fatal. The reasonable implication is that in referring to "the local tax list," the board meant that tax list which the law called for, that is, the most recent one. In *Prusik* v. *Board of Appeal of Boston*, 262 Mass. 451, the order of notice of hearing omitted "most recent" (pages 454, 456), but we made no comment thereon, although we dwelt upon and pointed out the many defects in that record. The record filed was sufficiently detailed. The ruling that notice of the decision was not mailed "to each party in interest" was right. Ordinarily "party" is confined to the named petitioner or remonstrant in a case; but here, the language of the statute requires that it be given a wider significance. Section 27A provides for notice of hearing not only to the petitioners but "to the owners of all property deemed by the board to be affected," and for notice of decision to "each party in interest as aforesaid." The right of appeal is given to "Any person aggrieved . . . whether previously a party to the proceeding or not." The insertion of the words "as aforesaid" is important only if the Legislature intended by using them to describe as "parties" those owners deemed to be affected as well as the petitioners for variance. In granting the right of appeal so broadly the Legislature indicated its intention that the proceeding was not to be considered merely adversary between the named petitioners and respondents. The justice was right, as well, in refusing to quash for the defect in failing

to notify others than petitioners and remonstrants; because the return makes abundantly clear that all other parties notified of the hearing had assented in advance to the grant made by the board. No one was hurt by the failure to comply strictly with the requirement. Although errors not of high magnitude may be made ground for quashing proceedings before a board of appeal, *Kane* v. *Board of Appeals of Medford*, 273 Mass. 97, 104, the writ of certiorari need not be issued if an error is slight or no one is harmed. *Corcoran* v. *Aldermen of Cambridge*, 199 Mass. 5, 14. *Whitney* v. *Judge of the District Court*, 271 Mass. 448, 459.

The board was not confined to the grounds for variance specified in the Gloucester ordinance, *Bennett* v. *Board of Appeal of Cambridge*, 268 Mass. 419. It had the powers conferred by said § 27A. Its statement of reasons and its record show that there was evidence before it of a public convenience to be served by granting the permit sought. Something more than pecuniary advantage to the petitioner, which, standing alone, would not warrant a variance, *Norcross* v. *Board of Appeal of Boston*, 255 Mass. 177, 185, *Prusik* v. *Board of Appeal of Boston*, 262 Mass. 451, 457, appeared to justify the decision reached. The preëxisting nonconforming use could properly be considered, *Hammond* v. *Board of Appeal of Springfield*, 257 Mass. 446, 448; although that use is enlarged by the grant made and application for variance was essential, the actual change made is slight. It properly could be thought not to derogate from the purpose of the zoning ordinance, but to remove an unnecessary hardship upon the petitioner while conferring a benefit upon the abutting owners and many in the neighborhood. The case falls within the decisions in *Norcross* v. *Board of Appeal of Boston*, 255 Mass. 177; *Hammond* v. *Board of Appeal of Springfield*, 257 Mass. 446; *Marinelli* v. *Board of Appeal of Boston*, 275 Mass. 169.

*Exceptions overruled.*