REAL PROPERTIES, INC. *vs.* BOARD OF APPEAL OF BOSTON (and two companion cases [1]).

Suffolk.    December 4, 1945. — February 6, 1946.

Present: FIELD, C.J., LUMMUS, RONAN, WILKINS, & SPALDING, JJ.

*Zoning. Boston.*

A decision by a board of appeal granting a variance under § 19 of the Boston zoning law, St. 1924, c. 488, is not supported by general findings of the board merely repeating the language of the statute; a finding of adequate substantive facts is necessary.

A variance of the application of the zoning law of Boston to permit the erection of a group of stores on a vacant lot in a general residence dis-

---

[1] The companion cases are by Brockton Savings Bank and Julius Kalman & others against the same respondents.

trict was not warranted by the facts that the lot abutted premises in a business district on which there were similar stores, that such a group of stores was the only financially feasible type of development for the lot, and that such a development thereof would complete the development of an already existing shopping center and was necessitated by the growth of the neighborhood subsequent to the passage of the zoning law; the variance was in effect an unauthorized change of a district boundary.

THREE PETITIONS for writs of certiorari, filed in the Supreme Judicial Court for the county of Suffolk on March 24, 1939.

The cases were heard by *Dolan*, J.

*M. J. Zieman*, for the petitioners.

*J. W. Kelleher*, Assistant Corporation Counsel, for the respondent.

WILKINS, J.   These are three petitions for writs of certiorari brought in the Supreme Judicial Court to quash the proceedings of the respondent board in rendering a decision varying the application of the zoning law of the city of Boston. St. 1924, c. 488, § 19, as amended. See now St. 1941, c. 373, § 18. Following rescript (see 311 Mass. 430) the cases came on for hearing on the merits before a single justice, who reported the cases without decision upon the petitions and returns. See G. L. (Ter. Ed.) c. 211, § 6; c. 231, § 111; *Campbell* v. *Justices of the Superior Court*, 187 Mass. 509, 510. The single justice stated in his report that he would not deny the petitions in the exercise of his discretion.

The question is whether there is substantial error of law apparent upon the face of the returns of the respondent board. *Tileston* v. *Street Commissioners of Boston*, 182 Mass. 325, 327. *Newcomb* v. *Aldermen of Holyoke*, 271 Mass. 565, 567. *Worcester Gas Light Co.* v. *Water Commissioners of the Woodland Water District of Auburn*, 314 Mass. 60, 63.

The returns disclose the following. F. I. Sher Co. is the owner of a vacant lot at 77–91 Washington Street in the Brighton district of Boston containing twenty-one thousand three hundred ten square feet in an area zoned for general residence uses. St. 1924, c. 488, § 4, as amended. The owner applied to the building commissioner for a permit for

the erection of a group of one-story stores, covering an area of eleven thousand seven hundred twenty square feet, with necessary incidental signs, and set on a line with existing stores on the abutting property. On January 27, 1939, the application was denied on the ground, as stated by the building commissioner, that there would be a violation of St. 1924, c. 488, "to wit: Section 4. Business (stores with necessary signs) prohibited in a general residence district. Section 13. Set-back less than the average set-back between two streets." The owner appealed to the board of appeal. After due notice and public hearing, the board rendered a decision which we summarize. On the lot originally was a large, old-fashioned, single family dwelling house, which at an unstated time, due to change in the locality, was torn down for lack of demand. The premises are on a main highway and within about one hundred feet of Commonwealth Avenue, another main thoroughfare. Alongside the premises runs the boundary of a local business zone permitting business such as the owner seeks, and on the abutting premises is a group of one-story stores such as the owner asks permission to erect. Due to its proximity to the business zone, the owner has been unable to develop the premises for the purposes for which it is zoned. The only type of development which would yield an adequate return on the investment is a building such as the owner seeks to erect. Such a development would not open up a new shopping center but would complete the development of what is already a shopping center, and is necessitated by the growing development of this section since the passage of the zoning act. The board stated "that the exceptional circumstances peculiar to this specific case justify a relaxation of the restrictions imposed by the statute"; "that the varying of the application of the zoning act (sections 4 and 13) in this specific case as set forth in this decision will not conflict with the spirit of the act"; and "that this is a specific case wherein strict enforcement of the act involves practical difficulty and unnecessary hardship, and wherein desirable relief may be granted without substantially derogating from the intent and purpose of said zoning act."

Acting under its discretionary power, the board varied the application of the zoning act, §§ 4 and 13, annulled the refusal of the building commissioner to grant a permit, and ordered him to grant the permit applied for with certain limitations as to signs not now material.

"The board of appeal may vary the application of this act in specific cases wherein its enforcement would involve . practical difficulty or unnecessary hardship and wherein desirable relief may be granted without substantially derogating from the intent and purpose of this act, but not otherwise." . St. 1924, c. 488, § 19. The power of the board of appeal of the city of Boston to authorize a variance is substantially the same as that conferred upon the board of appeals in other municipalities under G. L. (Ter. Ed.) c. 40, § 30, inserted by St. 1933, c. 269, § 1, as amended. *Brackett* v. *Board of Appeal of Boston,* 311 Mass. 52, 54.

The facts found do not warrant the action of the board. Mere repetition of the general language of the statute adds nothing. *Prusik* v. *Board of Appeal of Boston,* 262 Mass. 451, 457–458. *Brackett* v. *Board of Appeal of Boston,* 311 Mass. 52, 54. The unhappy financial position of one single owner, although a factor, is not of itself. enough. *Norcross* v. *Board of Appeal of Boston,* 255 Mass. 177, 185. *Prusik* v. *Board of Appeal of Boston,* 262 Mass. 451, 457. *Coleman* v. *Board of Appeal of Boston,* 281 Mass. 112, 116. *Amero* v. *Board of Appeal of Gloucester,* 283 Mass. 45, 52. *Phillips* v. *Board of Appeals of Springfield,* 286 Mass. 469, 472. Economic distress is unavailing in a case of this kind where, for all that appears, it may be a burden commonly shared by other owners in the district. See *Matter of Young Women's Hebrew Association* v. *Board of Standards & Appeals of New York,* 266 N. Y. 270, 275–276; *Matter of Levy* v. *Board of Standards & Appeals of New York,* 267 N. Y. 347, 352–354; *Matter of Otto* v. *Steinhilber,* 282 N. Y. 71, 72. That the premises are contiguous to an area zoned for business is of slight weight when such contiguity existed at the passage of the zoning act, which vests in the board of zoning adjustment in narrow limits the power to change zone district boundaries. St. 1924, c. 488, § 20, as amended. *Nor-*

*cross* v. *Board of Appeal of Boston,* 255 Mass. 177, 185. *Brackett* v. *Board of Appeal of Boston,* 311 Mass. 52, 58. See *Bradley* v. *Zoning Adjustment Board of Boston,* 255 Mass. 160. A district has to end somewhere. Care should be taken lest the boundaries of a residence district be pared down in successive proceedings granting variances to owners who from time to time through such proceedings find their respective properties abutting upon premises newly devoted to business purposes.

The petitioners contend that the finding that the variance "would complete the development" of an existing shopping center and that it "is necessitated by the growing development of this section . . . since the passage of the zoning act" is wanting in the detail required by § 19 of the act.[1] *Prusik* v. *Board of Appeal of Boston,* 262 Mass. 451, 457–458. *Brackett* v. *Board of Appeal of Boston,* 311 Mass. 52, 54. We need not consider this question, however, as we are of opinion that, giving due weight to this general finding, the facts do not show that the board had authority to grant the variance. The board relies upon *Hammond* v. *Board of Appeal of Springfield,* 257 Mass. 446, which was decided "with hesitation." See *Prusik* v. *Board of Appeal of Boston,* 262 Mass. 451, 458; *Coleman* v. *Board of Appeal of Boston,* 281 Mass. 112, 117. The *Hammond* case rested in part upon a finding, which is lacking here, that the property in question was "in close proximity to non-conforming business premises" which were within the residence zone in question when it was established, and as was said at page 448, "The factor that the neighborhood, when the zoning law went into effect, was not exclusively residential was of some consequence." See *Amero* v. *Board of Appeal of Gloucester,* 283 Mass. 45, 52; *Brackett* v. *Board of Appeal of Boston,* 311 Mass. 52, 59.

The "power of variation is to be sparingly exercised and only in rare instances and under exceptional circumstances peculiar in their nature, and with due regard to the main purpose of a zoning ordinance to preserve the property

---

[1] "The board shall cause to be made a detailed record of all its proceedings, which record shall set forth the reasons for its decisions."

rights of others." *Hammond* v. *Board of Appeal of Springfield,* 257 Mass. 446, 448. See *Real Properties, Inc.* v. *Board of Appeal of Boston,* 311 Mass. 430, 440. We think that the action of the board was really an unauthorized change of a zone district boundary. See *Coleman* v. *Board of Appeal of Boston,* 281 Mass. 112; *State* v. *Kansas City,* 325 Mo. 95, 101.

Judgment is to be entered quashing the decision of the board of appeal granting a permit varying the application of the provisions of St. 1924, c. 488.

*So ordered.*