TOMMASO TANZILLI & others *vs.* CHARLES CASASSA & others.

Middlesex. February 8, 1949. — March 30, 1949.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & SPALDING, JJ.

*Zoning. Equity Jurisdiction,* Zoning.

A bill in equity brought in the Superior Court by way of appeal from a decision of a municipal zoning board of appeals under G. L. (Ter. Ed.) c. 40, § 30, as appearing in St. 1933, c. 269, § 1, and as subsequently amended, was not premature nor invalid because it was filed in court before the board had filed a copy of the decision in the office of the municipal clerk.

Evidence of the character and capacity of a garage already existing on a
parcel of land in a city when it was zoned for residential purposes by
a zoning ordinance, and of the character of the neighborhood in which
the garage was located and its proximity to a business area showed
that a variance from the requirements of the ordinance which would
result from a proposed addition to the garage would be of small conse-
quence and justified the zoning board of appeals in granting the
variance under G. L. (Ter. Ed.) c. 40, § 30, as appearing in St. 1933,
c. 269, § 1, and as subsequently amended.

BILL IN EQUITY, filed in the Superior Court on August 9,
1948.

The suit was heard by *Murray,* J.

*R. J. Muldoon,* for the plaintiffs.

*A. M: MacNeil,* (*F. A. Marcella & W. F. Marcella* with
him,) for the defendant Casassa.

LUMMUS, J.   The commissioner of public buildings of
Somerville refused Charles Casassa a permit to build an
addition to his present garage at 17 Elmwood Street in
Somerville.   On his appeal, the board of appeals sustained
the action of the commissioner on April 27, 1948.   But on
reconsideration, on July 20, 1948, the board of appeals
found that the refusal of the permit would involve practical
difficulty and unnecessary hardship to Casassa, and that
necessary relief may be granted without substantial deroga-
tion from the intent and purpose of the zoning ordinance.
Accordingly, the board of appeals granted Casassa's appeal,
provided no automobile repairing shall be done on the
premises except on automobiles owned by Casassa.

Thereupon, on August 9, 1948, Tanzilli and others, owners
of premises located in a residence B district in Somerville,
in which the erection of a garage is prohibited except as
accessory to the principal residential use of the premises,
filed an appeal under G. L. (Ter. Ed.) c. 40, § 30, as appear-
ing in St. 1933, c. 269, § 1, and afterwards amended, to
annul the decision of the board of appeals granting such
permit to Casassa.

The evidence is reported, and the judge made findings
of fact.   He ruled that the plaintiffs Tanzilli and others
did not comply with the statute in taking their appeal to

the court, and entered a final decree dismissing the appeal. The plaintiffs Tanzilli and others appealed to this court.

By G. L. (Ter. Ed.) c. 40, § 30, as appearing in St. 1933, c. 269, § 1, the board of appeals is required to cause to be made a detailed record of its proceedings, including the reasons for its decisions, copies of which shall be immediately filed in the office of the city or town clerk. The same section provides as follows: "Any person aggrieved by a decision of the board of appeals, whether or not previously a party to the proceeding, or any municipal officer or board, may appeal to the superior court sitting in equity for the county in which the land concerned is situated; provided, that such appeal is filed in said court within fifteen days after such decision is recorded." In this case the judge found that the board of appeals filed its decision in the office of the city clerk on August 11, 1948. Before that day, on August 9, 1948, the plaintiffs Tanzilli and others filed their appeal in the Superior Court. The defendant Casassa contends that the appeal was premature, because not filed "after" the decision was recorded.

It is well settled in similar cases, where a statute required action within a certain time "after" an event, that the action may be taken before that event. Such statutes have been construed as fixing the latest, but not the earliest, time for the taking of the action. *Atherton* v. *Corliss,* 101 Mass. 40. *Young* v. *The Orpheus,* 119 Mass. 179, 185. *National Bank of Commerce* v. *New Bedford,* 175 Mass. 257, 258. *Bay State Dredging & Contracting Co.* v. *W. H. Ellis & Son Co.* 235 Mass. 263, 267–268. *Nevins* v. *Board of Public Welfare of Everett,* 301 Mass. 502, 503. *Sherrer* v. *Sherrer,* 320 Mass. 351, 354, and cases cited. Under those authorities, we think that the appeal to the Superior Court was lawfully filed.

It appeared that the ten-car cement block garage on the land of Casassa that he seeks to extend southerly was built in 1917, before the enactment of the zoning ordinance. The land owned by Casassa is wholly in a residence B district, and is wholly surrounded by land in that district. His

land is rectangular, fifty feet wide on Elmwood Street, and runs back from that street one hundred feet. It contains five thousand square feet or thereabouts. By § 5 (a) of the zoning ordinance any use permitted by § 4 of that ordinance in residence A districts is allowed in residence B districts, as regulated by § 4. Section 4 (1) permits "Garages on the same lot with or in the building to which they are accessory and in which garages no business or industry is conducted. Garage space may be provided for two motor vehicles on any such lot. Garage space for one additional motor vehicle may be provided for each 1,500 square feet of area by which such lot area exceeds 3,000 square feet. . . . A garage for more than five vehicles shall be at least 10 feet from every lot line except the rear lot line." The plans which are in evidence show that the area would not permit more than three motor vehicles on the lot, under § 4 (1), and that the proposed garage would not be at least ten feet away from the side lines of the lot. Section 2 (b) provides that "No building, structure or premises containing a nonconforming use shall hereafter be extended unless such extension shall conform with the provisions of this ordinance for the district in which it is located," with an exception immaterial to this case.

By G. L. (Ter. Ed.) c. 40, § 30, as appearing in St. 1933, c. 269, § 1, as amended in cl. 3 thereof by St. 1935, c. 388, § 2, the board of appeals is given power "to authorize upon appeal . . . with respect to a particular parcel of land a variance from the terms of such an ordinance or by-law where, owing to conditions especially affecting such parcel but not affecting generally the zoning district in which it is located, a literal enforcement of the provisions of the ordinance or by-law would involve substantial hardship to the appellant, and where desirable relief may be granted without substantial detriment to the public good and without substantially derogating from the intent or purpose of such ordinance or by-law, but not otherwise."

It is settled that the power to vary the application of a zoning ordinance must be sparingly exercised, and that

pecuniary hardship upon the owner does not justify its exercise, without more. *Prusick* v. *Board of Appeal of Boston,* 262 Mass. 451, 457. *Phillips* v. *Board of Appeals of Springfield,* 286 Mass. 469, 472. *Leahy* v. *Inspector of Buildings of New Bedford,* 308 Mass. 128, 133. *Brackett* v. *Board of Appeal of Boston,* 311 Mass. 52, 60. *Real Properties, Inc.* v. *Board of Appeal of Boston,* 319 Mass. 180, 183.

There was evidence that Elmwood Street is a dead-end street, on which there are a large garage in which big trucks are kept, and a factory. The land in question is near the edge of the residence B district, and not far away on Holland Street land is largely used for business. The permitted nonconforming use of Casassa's land, that existed before the passage of the zoning ordinance, was such that the change made by the variance sought was of small consequence. The neighborhood, even before the zoning ordinance was passed, was not exclusively residential, and is not now. We think the evidence justified the board of appeals in authorizing the variance granted. *Hammond* v. *Board of Appeal of Springfield,* 257 Mass. 446. *Marinelli* v. *Board of Appeal of Boston,* 275 Mass. 169, 173. *Brackett* v. *Board of Appeal of Boston,* 311 Mass. 52, 59. *Real Properties, Inc.* v. *Board of Appeal of Boston,* 319 Mass. 180, 184.

The final decree dismissing the appeal of Tanzilli and others is reversed. Instead, a final decree is to be entered, adjudging that the variance granted by the board of appeals is valid, and that the clerk of the court within thirty days after the entry of this decree send an attested copy thereof to the board of appeals and to the inspector of buildings of the city of Somerville. *Lambert* v. *Board of Appeals of Lowell,* 295 Mass. 224, 228.

*So ordered.*