97 So.2d 461 (1957)
F.L. KAESLIN, Appellant,
v.
Mitchell ADAMS and Martha Adams, his wife, and Mark Wenkstern, Appellees.
Supreme Court of Florida, En Banc.
June 26, 1957.
On Rehearing October 16, 1957.
William F. Leonard, Fort Lauderdale, for appellant.
Saunders, Curtis & Ginestra and George H. Gore, Fort Lauderdale, for appellees.
PER CURIAM.
The judgment of the lower court is reversed with directions to reinstate the non-conforming permit issued by the Broward County Zoning Board of Adjustment. The several reasons for this judgment are set forth in the specially concurring opinions which follow.
It is so ordered.
TERRELL, C.J., ROBERTS, DREW and THORNAL, JJ., and PARKS and TAYLOR, Associate Justices, concur.
THOMAS. J., dissents.
TAYLOR, Associate Justice (concurring specially).
In March, 1951, F.L. Kaeslin purchased certain property in Broward County that was not zoned. On April 29, 1952, the Board of County Commissioners zoned this property as "Business A" effective June 3, 1952. On May 26, 1953, a zoning regulation was adopted rezoning the property into a "B-1" area, effective June 23, 1953. Trailer parks were not in terms prohibited or included in either of said zones, but proper construction of the resolutions permits trailer parks in "Business A" and prohibits them in "B-1" areas.
On March 25, 1954, Kaeslin applied to Broward County Zoning Board of Adjustment *462 for permission to establish a trailer park on the lands in question. A non-conforming permit was granted in compliance with Kaeslin's request and he began construction of the trailer park. After substantial construction but before the work was completed Kaeslin was advised by Mr. W.D. Rawls, County Zoning Inspector, that on August 26, 1954, his non-conforming permit had been revoked and that "reasons for this were sufficient based on community protest and legal technicality."
Pursuant to a suggestion contained in this notice of revocation, Kaeslin made application for rehearing on the order revoking his permit which, on October 28, 1954, was granted. Present at the hearing were Broward County Zoning Board of Adjustment, the County Zoning Inspector and a large delegation of citizens opposing issuance of the permit. The parties were represented by counsel, a complete hearing was conducted on October 28, 1954, and a second non-conforming permit was granted, based upon which Kaeslin resumed construction of his trailer park. On November 26, 1954, complaint in this cause was filed and a temporary restraining order was directed to Kaeslin enjoining him from further construction of a trailer park upon said premises. Other pleadings were filed and on February 25, 1955, final decree was entered making the injunction permanent and directing that the Broward County Board of Adjustment rescind its action of October 28, 1954. This decree is before us for review.
The Circuit Court appears to have based its decision largely, if not entirely, upon a line of cases from other jurisdictions which adopt the view that a board of adjustment may not authorize, under any conditions, a business building in an area zoned for residences because, they hold, to do so would amount to re-zoning the property. Such re-zoning, they say, invades the zoning powers of the agency of government given the legislative power to fix the lines between residential and business areas. The weight of this argument is apparent from the logic of these decisions. See particularly Real Properties, Inc., v. Board of Appeal of City of Boston, 319 Mass. 180, 65 N.E.2d 199, 168 A.L.R. 8, Lee v. Board of Adjustment of City of Rocky Mount, 226 N.C. 107, 37 S.E.2d 128, 168 A.L.R. 1.
On the other hand, there is good authority for the argument that the purpose of a board of adjustment is to relieve specific property from the letter of the zoning law and every variance is, in effect and practical operation, a re-zoning of the property affected. See Annotation 168 A.L.R. 13.
Between these two views this Court has already settled the law of this state. In the case of State ex rel. Landis v. Valz, 117 Fla. 311, 157 So. 651, 654, the Court had before it a case involving a zoning ordinance of the City of Jacksonville in connection with the propriety of granting a permit to construct a dog racing track in a residential area. In considering that section of the ordinance relating to the granting of variances, the Court said:
"Section 17 is a valid provision of the ordinance. It does not, as claimed, invalidate the ordinance by vesting in certain officers the power of legislation to rezone the city. The provision is necessary to give flexibility to the zoning ordinance and prevent it from being arbitrary to the point of unreasonableness. See State ex rel. Taylor v. [City of] Jacksonville, 101 Fla. 1241, 133 So. 114."
This case clearly authorizes a board of adjustment in proper cases to permit non-conforming uses of property in a residential zone. The error of the Circuit Court was in regarding such action as re-zoning and in holding it to be ultra vires the board of adjustment.
Since there was no testimony before the Circuit Court, it was impossible for that *463 Court and is now impossible for us to review the discretion exercised by the board of adjustment.
I have therefore agreed to the above judgment of reversal.
PARKS, Associate Justice, concurs.
TERRELL, Chief Justice (concurring specially).
As I see it the point in the case is whether or not on the record the chancellor was authorized to overthrow the finding and order of the Broward County Board of Adjustment and substitute his judgment for theirs.
The gist of the court's decree setting at naught the order and finding of the Board of Adjustment is to the effect that Chapter 27431, Special Acts of 1951, empowers the Board of Adjustment to authorize variances from zoning resolutions as will not be contrary to public interest, when owing to special conditions, a literal enforcement thereof will result in unnecessary hardship, so that the spirit of the zoning resolution shall be observed and substantial justice done. The court further found that the minutes of the Board of Adjustment of March 25, 1954, show no hardship peculiar to appellant. Assuming that the required notice was given, the court can come to no other conclusion than that the action of the Board in rezoning was beyond its power. Their action was not in the "public interest," neither was the "spirit of the zoning resolution" observed. The general rule is that variances are to be granted sparingly, only in rare instances and under peculiar and exceptional circumstances.
The hardship depended on at the hearing, October 28, 1954 (second hearing), said the court, was the expenditure by Kaeslin of $6,900 in reliance upon the first permit which was revoked. Since the permit was invalid, said the court, it vested no right or privilege in the one to whom issued. On this reasoning the temporary restraining order was made permanent and Kaeslin was enjoined permanently from further building or operating his trailer park. It was further ordered that Broward County Board of Adjustment meet and rescind their action of October 28, 1954, granting Kaeslin a variance permit.
In support of his assault on the court's order appellant says that the power of the Board of Adjustment is defined by Section 6, Chapter 27431, as follows:
"To authorize upon appeal in specific cases such variance from the terms of the order or resolution as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the provisions of the order or resolution will result in unnecessary hardship, and so that the spirit of the order or resolution shall be observed and substantial justice done."
Appellant further says that the Board of Adjustment proceeded under the law as thus quoted to consider his application for variance permit; that the Board of Adjustment was familiar with the community, the property and the parties and granted the variance permit with knowledge of all these factors; that there is no showing that the public interest will suffer, in view of which and the law as above quoted, the court was without authority to disturb the finding and judgment of the Board of Adjustment.
Appellant further contends that irrespective of notice or lack of notice as to granting the first permit, the Board heard the application of appellant for and granted the first permit; that they are presumed to know the law governing their administrative duties and to act thereon. Under the law appellant applied for his permit; his application was considered and granted, in reliance upon which appellant proceeded to construct his trailer park. If there were errors in notice or otherwise on the *464 part of the Board of Adjustment they should not be charged to appellant.
It is accordingly my view that the Board of Adjustment was authorized to hear and consider appellant's application for a variance permit; that its judgment bore the stamp of fairness and reasonableness; that there was no showing whatever of abuse of discretion and that in substituting its judgment for that of the Board the court committed error. City of Miami Beach v. Lachman, Fla. 1953, 71 So.2d 148; City of Miami Beach v. Wiesen, Fla. 1956, 86 So.2d 442, and State ex rel. Landis v. Valz, 117 Fla. 311, 157 So. 651.
I therefore agree to the above order of reversal for the reasons stated herein.
PARKS, Associate Justice, concurs.
ROBERTS, Justice (concurring specially).
I concur in the foregoing judgment of reversal under the principles of equitable estoppel applied by this court in Bregar v. Britton, Fla. 1954, 75 So.2d 753.
DREW and THORNAL, JJ., concur.

On Rehearing
PER CURIAM.
We have granted the petition for rehearing without further argument in order to eliminate any apparent conflict between our conclusion in the instant case and our opinion in Josephson v. Autrey, Fla., 96 So.2d 784.
In the instant case there was a divergence of views among the participating judges as to the grounds for reversal. In the ultimate, however, the majority in this case were of the view that there were here present elements of equitable estoppel that required reversal under the rule of Bregar v. Britton, Fla. 1954, 75 So.2d 753. When so considered there is no conflict whatever between our conclusion in this case and our conclusion in Josephson v. Autrey, supra.
On rehearing granted, therefore, we adhere to the judgment of reversal announced in our original opinion.
ROBERTS and DREW, JJ., PARKS, Associate Justice, and TAYLOR, Circuit Judge, concur.
TERRELL, C.J., concurs specially.
THOMAS, J., dissents.
TERRELL, Chief Justice (concurring specially).
I agree for reasons stated in first opinion I prepared in this case.