121 So.2d 335 (1960)
LAKESIDE DAY CARE CENTER, INC., Plaintiff-Appellant,
v.
BOARD OF ADJUSTMENT, CITY OF BATON ROUGE, Louisiana, Defendant-Appellee.
No. 5057.
Court of Appeal of Louisiana, First Circuit.
May 31, 1960.
Rehearing Denied June 29, 1960.
*336 Breazeale, Sachse, Wilson & Hebert, McGehee & McKinnis, Baton Rouge, for appellant.
R. Gordon Kean, Jr., City Atty., John V. Parker, Asst. City Atty., Burton, Roberts & Ward, Baton Rouge, for appellee.
Before TATE, MILLER, and PUTNAM, Judges.
MILLER, Judge ad hoc.
This suit arises under the provisions of LSA-R.S. 33:4727 which grants to any person aggrieved by a decision of the Board of Adjustment the right to ask for a writ of certiorari from the District Court directed to the Board by way of petition "* * * setting forth that the decision is illegal, in whole or in part, specifying the grounds of the illegality. * * *" Appellant, Lakeside Day Care Center, Inc., contends that the Board of Adjustment for the City of Baton Rouge was in error when it refused to permit plaintiff to establish its "nursery school" as contended by the plaintiff, or its "day care center" as contended by the defendant, within the area zoned "A-1" as essentially a residential area in the City of Baton Rouge.
On June 15, 1959 Mrs. Lillian F. Hoover made an application to the Building Official of the City of Baton Rouge for a certificate of occupancy to operate a "Day Care Center for Children", at 3324 Morning Glory Avenue in said City. The application for occupancy indicated that the applicant proposed that the property was: "To be used as a Day Care Center for *337 Children, infants thru five years, maximum to be 60, 5 employees." In addition:
"The Center will be opened from 7:00 a.m. to 6:00 p.m. six days a week."
After the Director of Public Works had indicated in a memorandum dated June 23, 1959 addressed to the Mayor-President and members of the City Council that the proposed use was permitted in an "A-1" Residential Area as defined by Section 2.201 of the Zoning Ordinance, Mrs. Mary B. Owen and other property owners in the area, alleging to be aggrieved by that indication, and availing themselves of the provisions of Section 8.3 of the Zoning Ordinance, appealed to the Board of Adjustment. A hearing was conducted by the Board on July 7, 1959. The issue was whether this "day care center" was a "nursery, prekindergarten, or kindergarten school" and thus a permitted occupancy in the "A-1" district under the provisions of Section 2.201 of the Zoning Ordinance.
Subsequently, the Board rendered judgment reversing the "ruling of the Building Official" and declaring that the operation contemplated by Mrs. Hoover was "not a school under the terms of the Ordinance and certainly not by the facts presented to the Board." In so concluding, the Board stated:
"The Board of Adjustment heard this appeal at its regular meeting on July 7, 1959, and listened to testimony by interested parties as well as arguments of counsel for both sides, and at the close of this hearing requested that each of the attorneys submit a brief in support of their arguments propounded to the Board and that any interested parties on either side of the question submit to the Board any pertinent information or argument either for or against the operation of a day care center for children.
"Each member of the Board was supplied with copies of briefs, letters and other documents submitted to the Board, and after proper review of these documents, on Friday, July 24, 1959, met with all members of the Board present and voting.
"It is the opinion of this Board that the proposed use of the premises as a day care center for children is not a permitted use under the section of the Zoning Ordinance heretofore quoted (Sec. 2.201); it being the opinion of this Board that such a center is not a nursery, kindergarten, or pre-kindergarten school but it is truth and in fact a day care center which this Board interprets to be, a commercial operation to care for children for periods and hours substantially different from those normal school activities.
"The testimony and information supplied to the Board of Adjustment indicates that the contemplated use would be for twelve (12) months per year, six (6) days per week, approximately eleven (11) hours per day, all of which indicates that the proposed use is substantially different and at variance with normal `school' (emphasis added) operation either parochial, private or public."
Thereafter, Lakeside Day Care Center, Inc., filed a petition praying, "for a writ of certiorari", directed to the Board of Adjustment "pursuant to the provisions of L.R.S. 33:4727 and related statutes." The essence of the petitioner's application for judicial review is that the Board's action was illegal in that it refused to permit a use of the property authorized for A-1 residential areas by the zoning ordinance.
After hearing the case, both on the exceptions filed by counsel for the Board and on its merits, the Trial Court, for written reasons assigned, held that the "evidence does not reveal that the action of the Board was illegal", and thus dismissed petitioner's demands at its costs. From this adverse judgment, the corporate plaintiff appealed.
*338 Appellant complains that the lower court refused to consider the question of whether or not the Board of Adjustment properly exercised its discretion, but rather limited its inquiry to whether or not the Board's action was illegal. The trial court stated:
"Under the law, since no appeal is granted from the action of the Board of Adjustment, the Court is limited in its consideration of the proceedings to a determination of the legality thereof and the Court is not authorized to resolve the question as to whether or not the intended use of the property comes within the uses permitted by the ordinance, nor to substitute the Court's discretion for that vested in the Board but is circumscribed to the extent of determining whether or not the acts of the Board were legal.
"I am of the opinion that in arriving at the conclusion adjudicated by the Board, it exercised legally a discretion vested in said Board and therefore this Court is powerless to disturb its ruling."
In our opinion, our learned trial brother incorrectly concluded that upon judicial review the court is "not authorized to resolve the question as to whether the intended use of the property comes within the uses permitted by the ordinance." In the only Louisiana case cited which is relevant to the question, our Supreme Court has held that a classification of property by a zoning board in violation of the basic zoning ordinance is an illegality subject to review and reversal by the courts. State ex rel. Harris v. Zoning Board, 221 La. 941, 60 So.2d 880. Likewise, subject to judicial review as an illegality is the refusal of a zoning board to permit property to be used as authorized by the zoning ordinance.
Thus the primary issue is properly before this court for judicial review under LSA-R.S. 33:4727, namely, whether or not the intended use of the property comes within the uses permitted by Section 2.201 of the Zoning Ordinance at issue. In other wordsis a "day care center" the same as a "nursery school" or "prekindergarten school" as provided for in Section 2.201 of the Baton Rouge Zoning Ordinance?
At the outset of the arguments on appeal the Board of Adjustment for the City of Baton Rouge presented a motion to dismiss the appeal contending that the issue is now moot for the reason that the property located at 3324 Morning Glory Avenue has now been leased to other parties who are using the property as a one family dwelling. The Board of Adjustment contends that no practical result can be obtained by a ruling in favor of the Lakeside Day Care Center, Inc., for the reason that it is now impossible for them to occupy the premises known as 3324 Morning Glory Avenue. It is not a requirement of the Zoning Ordinance that one own, or have a lease upon, or other right to use, a particular parcel of property before one applies to the City for a permit to use it. It therefore does not appear to this Court that the question is moot. Furthermore the question of whether or not the Zoning Ordinance prohibits "day care" institutions within the area zoned as "A-1" is a real issue which is squarely presented by the present appeal.
Having concluded that this litigation is not moot and that it is properly before us for judicial review, we must review the record.
The Legislature of Louisiana has, in effect, recognized the difference between a kindergarten and a day care center. The Legislature has authorized the Department of Public Welfare, not the Department of Education, to license and supervise day care centers. An application for a license from the Department of Public Welfare has been made on behalf of the proposed facility. And, as set forth on page 1 of the pamphlet issued by the Department *339 of Public Welfare, filed as Certiorari Exhibit No. 8, is the statement:
"This Act does not apply to organizations or individuals who are not caring for children of working mothers but whose function is to provide a part-time program in a nursery or a kindergarten setting."
Moreover, the same pamphlet on page 13 provides that "Day care centers shall not include or attempt school instruction, including teaching the alphabet, reading, writing and counting, as a part of the daily routine for pre-school age children." None of the persons connected with the proposed day care center is certified as a teacher. In fact, the program proposed has very little reference to teaching or instruction of any sort. Of the eleven hours per day, only one hour (from 9:30 a.m. to 10:30 a.m.) is proposed for instruction, the remaining ten hours being devoted to arriving, greeting, toileting, mid-morning snack, play time, drink of water, rest time before lunch, lunch, toileting, nap, afternoon snack, and play. An additional factor which must be considered is the scheduleeleven hours a day from 7:00 a.m. to 6:00 p.m., six days a week, twelve months a year. What nursery school or kindergarten, within the common and usual meaning of such words, operates on such a schedule?
Appellant points to the fact that the Zoning Ordinance provides that in "A-1" districts there may be public parks, public libraries, public, elementary and high schools, public community buildings, private schools, "nursery, prekindergarten, or kindergarten schools," hospitals, churches, country clubs, golf courses, agricultural or farming activities. There is no limit on time or hours during which the public parks or libraries or private schools or churches can be used in the "A-1" districts, nor is there any time limit set for "nurseries, prekindergarten or kindergarten schools".
Appellant argues that the Board of Adjustment exists because it is recognized that a Zoning Ordinance which deals in details might render some properties entirely useless and their chief purpose is to permit variations under exceptional or unusual conditions (Zoning Ordinance 8.4) to provide some flexibility but they do not exist for the purpose of depriving owners of the right to a use of their property permitted by the Ordinance. Whether or not the Board will permit a variation is a discretionary one. Real Properties v. Board of Appeal, 319 Mass. 180, 65 N.E. 2d 199, 168 A.L.R. 8, 58 Am.Jur., Zoning, Section 198. But the denial of a permitted use is not discretionary.
However, we are of the opinion that the Board of Adjustment has properly concluded that a "day care center" is not the same as a "nursery school" or "prekindergarten school". The primary purpose of a day care center is not education but instead the all day care of children of working mothers. To qualify under the terms of the Baton Rouge Zoning Ordinances for "A-1" districts, the appellants would have to change their operation from one set up primarily to give all day care to children, to one set up primarily for the education of children.
If the City Council of Baton Rouge desires to permit day care centers in districts zoned "A-1" as provided for in the Louisiana Department of Public Welfare program, they have but to amend their Zoning Ordinance to so provide. In our opinion the distinction between a "day care center" and a "nursery school" or "prekindergarten school" is substantial; it is such a distinction as to justify the conclusion that under the Ordinance as written, nursery schools are permitted in districts zoned as "A-1" and nursery day care centers are not permitted in such zones.
Appellant contends that to so hold would make the Ordinance unconstitutional for the reasons that this interpretation makes *340 it arbitrary, unreasonable and void. It would amount to, in the appellant's opinion, a deprivation of property without due process.
As stated at 58 Am.Jur. "Zoning" Section 14, p. 947: "There is no fundamental objection to zoning laws and ordinances so long as they apply without unnecessary discrimination and are reasonable in their scope and operation; within these limits they are a justifiable exercise of the police power and are not open to objections upon the ground of privileges and immunities of the citizens, interference with vested rights, or the taking of property without due process of law." But "In considering the validity of zoning laws, the courts must determine whether they are arbitrary or unreasonable in their conception or application, since the zoning power does not extend to unreasonable or arbitrary intermeddling with the private ownership of property," 58 Am.Jur. "Zoning", Section 21, p. 953. However, "The courts may not interfere with the enactment or enforcement of zoning provisions for the sole reason that they may be considered unwise, as long as their requirements may not be classified as unreasonable, or as long as there is an apparent legal reason for the enacted requirements", 58 Am.Jr. "Zoning", Section 23, p. 954.
In our opinion, as we have stated, a six day operation where children are cared for over a period of eleven hours each day for the purpose of conveniencing the mothers rather than for the purpose of instructing the children, bears a real distinction from the situation contemplated by the Zoning Ordinance which permits a nursery school or prekindergarten school in district "A-1", so as not to be an unreasonable and arbitrary classification by the ordinance beyond the constitutional powers of the enacting authority.
We wish to make it clear that we do not condemn such centers for indeed they are needed and useful. We are of the opinion that under the Zoning Ordinance as presently drawn they are not permitted in district "A-1".
For these reasons the judgment of the lower court is
Affirmed.