Mr. Stephen Tabor, Prosecuting Attorney Twelfth Judicial District Sebastian County Courthouse 35 South 6th Street Fort Smith, AR 72901
Dear Mr. Tabor:
You have presented the following question for my opinion:
 Are the facilities owned and operated by Boys and Girls Club, Inc. "daycare facilities" within the purview of Act 330 of 2003?
RESPONSE
It is my opinion, as explained more fully below, that the question of whether facilities that are owned and operated by Boys and Girls Club, Inc. are "daycare facilities" within the purview of Act 330 of 2003 will depend upon the nature of each facility and of its activities.
The pertinent provision of Act 330 of 2003 states:
 (a) It shall be unlawful for a sex offender who is required to register under the Sex Offender Registration Act of 1997, § 12-12-901 et seq., and who has been assessed as a Level 3 or Level 4 offender to reside within two thousand feet (2,000') of the property on which any public or private elementary or secondary school or daycare facility is located.
A.C.A. § 5-14-128(a) (Acts 2003, No. 330, § 3).
Act 330 does not define the term "daycare facility" as used therein. In interpreting undefined statutory language contained in penal provisions, the Arkansas courts have consistently applied the maxim that penal provisions are to be strictly construed and that doubts are to be resolved in favor of the defendant. However, the courts have balanced this maxim against the principle that the courts' first and foremost concern is to ascertain the intent of the General Assembly. Therefore, even in interpreting the language of criminal statutes, the courts will construe the language just as it reads, giving the words their ordinary and usually accepted meaning in common language. See, e.g., Vergara-Soto v.State, 77 Ark. App. 280, 101 S.W.3d 843 (2002); Sansevero v. State,345 Ark. 307, 45 S.W.3d 840 (2001). In Puckett v. State, 328 Ark. 355,944 S.W.2d 111 (1997), the court articulated this balance as follows:
 While the law is well settled that penal statutes must be strictly construed, resolving any doubts in favor of the accused, it is equally well established that such statutes must not be so strictly construed as to defeat an obvious intent of the legislature.
Puckett v. State, 328 Ark. at 358.
It is quite apparent that the intent of the legislature in passing the residence prohibition of Act 330 of 2003 was to keep the affected sex offenders away from potential victims. Schools and daycare facilities, as those terms are commonly understood, are among the primary places where such potential victims can be found. I have not located any cases in which a court has interpreted the term "daycare facility." One court, however, has interpreted the term "day care center" to mean a facility whose purpose is "the all day care of children of working mothers." SeeLakeside Day Center, Inc. v. Board of Adjustment, City of Baton Rouge,121 So.2d 335 (La.App. 1960). That interpretation appears to reflect a common understanding of the term.
In my opinion, the question of whether the term "daycare facility," interpreted in this way, encompasses facilities that are owned and operated by Boys and Girls Clubs, Inc. is a question of fact. Many such facilities undoubtedly do fall within that interpretation of the term. Others may not. The determination will depend upon the nature of each facility and of its activities.
Accordingly, I conclude that the question of whether facilities that are owned and operated by Boys and Girls Clubs, Inc. constitute "daycare facilities" within the meaning of Act 330 of 2003 can only be determined on a case-by-case basis in light of the nature of each facility and its activities. I note that the question you have raised arises out of the vagueness of the legislative language in Act 330. This problem could easily be resolved through legislative clarification.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General