HARRY RODENSTEIN & another[1] *vs.* BOARD OF APPEAL OF BOSTON & another.[2]

Suffolk. November 5, 1957. — April 10, 1958.

Present: WILKINS, C.J., RONAN, SPALDING, COUNIHAN, & WHITTEMORE, JJ.

*Zoning.*

Facts appearing as to a lot of land in a congested residential section of Boston, on the larger part of which a filling station was maintained by virtue of zoning variances and which was physically not adapted to use for residential purposes, justified the granting of a further zoning variance permitting use of the rest of the lot for parking of automobiles subject to certain appropriate restrictions.

BILL IN EQUITY, filed in the Superior Court on November 21, 1956.

---

[1] Bessie Rodenstein, his wife.
[2] Park Central Realty, Inc.

The suit was heard by *O'Connell*, J.

*Simon B. Stein*, for the plaintiffs.

*William D. Quigley*, Assistant Corporation Counsel, for the board of appeal of Boston (*Edward F. McLaughlin, Jr.*, for Park Central Realty Co., with him).

COUNIHAN, J.    This is a bill in equity filed in the Superior Court by way of appeal under the zoning law of Boston, St. 1924, c. 488, § 19, as appearing in St. 1941, c. 373, § 18, from a decision of the board of appeal granting a variance to permit the parking of thirty pleasure automobiles for a fee in a residential district upon certain conditions imposed by the board.    A judge of the Superior Court heard the case de novo and found that the variance duly authorized and voted by the board of appeal was warranted.    A final decree was entered that the decision of the board of appeal was within its jurisdiction and that no modification of it is required.    The case comes here upon the plaintiffs' appeal. There was no error.

The evidence is reported and the judge made a complete and adequate "Memorandum of Findings and Order for Decree" which we treat as a report of material facts.    Plans and photographs of the locus were in evidence and are before us.    We also have as an exhibit the decision of the board of appeal.

In these circumstances it has so frequently been stated that no citation of authority is necessary that all questions of law, fact, and discretion are open for review by us and we can make findings in addition to those made by the trial judge, but we do not disturb his findings of fact unless they appear to be plainly wrong.

We summarize the facts found by the judge.    The entire lot owned by the defendant Park Central Realty, Inc., comprises 20,883 square feet and is located in the Grove Hall section of Roxbury close to the Dorchester line.    It is bounded on the west by Blue Hill Avenue, on the north by Pasadena Road, on the east partly by land of the plaintiffs, and on the south by Seaver Street.

The locus upon which the present variance is sought is

located in the northerly part of the entire lot. For about 100 feet it abuts the property of the plaintiffs on the east.

This entire lot was originally in zone R–65 and was restricted to use as residential property. As of prior dates, namely, December 29, 1944, and May 10, 1950, variances were granted by decisions of the board of appeal to permit the use of the larger part of the lot for a gasoline filling station and parking of automobiles being serviced at the station under certain restrictions. As a result Park Central Realty, Inc., built and has maintained a large filling station on part of the lot.

The record of the proceedings before the board of appeal in the instant case makes it clear that the objections to the granting of the variance sought were thoroughly inquired into by the members of the board who also took a view of the premises. All of the land in the immediate neighborhood of this lot, on both sides of Blue Hill Avenue, Seaver Street and Pasadena Road, has been developed as residential property. Blue Hill Avenue is a heavily travelled street.

The board of appeal found that a variance of the zoning law to permit parking on the smaller part of this lot will be a distinct benefit to the public good rather than a detriment since it will provide off street parking in a highly congested section of Boston. It also found that the premises for which a variance is sought cannot possibly be used for the uses permitted in an R–65 district. It was of opinion that this is a specific case where a literal enforcement of the law involves a substantial hardship upon the owner and where desirable relief may be granted without substantial detriment to the public and without substantially derogating from the intent and purpose of the zoning law. By a unanimous vote of its members it granted the variance.

The judge expressly found that this land was largely rock formation, so called "pudding stone." It was not always evident by the appearance of its surface. He found also on the evidence of competent experts that soundings showed this rock formation below the surface soil. He also found that these premises could not be developed for residential

purposes and that "it was established that the parcel of land in question is adapted for business purposes only; that it cannot be utilized for residential purposes with any reasonable basis of expectation that the erection of any structure of a residential nature exclusively would be practicable from a sound investment viewpoint, or suitable for development and enjoyment as residential property only; that uses as intended by the present owner, subject to the restrictions[1] ordered by the respondent board of appeal, will not injuriously affect the general residential character of the neighborhood; that the uses to which the land in question, and within the restrictions specified, will be put, will be of benefit to the neighborhood as a whole, and of a business character necessary to the future, as well as present, development of community progress beneficial to the residential zoned district of which it has heretofore been a part . . . ."

We are of opinion that on the evidence these findings were not wrong, much less plainly wrong.

We realize that it was said in *Prusik* v. *Board of Appeal of Boston,* 262 Mass. 451, at page 457, that the "power to vary the application of the act is to be exercised sparingly" and "The financial situation or pecuniary hardship of a single owner affords no adequate ground for putting forth this extraordinary power affecting other property owners as well as the public." But it was also said in that case at page 457, "Exceptional circumstances alone justify relaxation in peculiar cases of the restrictions imposed by the statute." *Norcross* v. *Board of Appeal of Boston,* 255 Mass. 177, 185–186. *Hammond* v. *Board of Appeal of Springfield,* 257 Mass. 446, 448.

---

[1] "That there be no ingress or egress to said premises from Pasadena Road; that there be no additional driveways provided to said premises either from Blue Hill Avenue or Seaver Street; that there be no additional signs on said premises; that the 9,200 sq. ft. parking area here in issue be limited to not more than 30 pleasure vehicles as shown on plan submitted to the Board and now on file in the Building Department; that the parking of said 30 cars be rented on a weekly or monthly basis; that there be no parking of trucks in parking area; that the existing chain link fence on Pasadena Road and extending approximately 100' down the rear property line be maintained; that there be erected and maintained on rear property line from the present fence a chain link fence at least 4' high, extending to Seaver Street."

Because of the variances granted by the board on two earlier applications by the present owner, which permitted the erection of the existing gasoline station and limited parking, we think that the use sought in the instant case was of small consequence, particularly in view of the restrictions imposed by the board in granting the present variance.

The evidence before the board and the judge of the presence of "pudding stone" in large quantities under the surface of the locus warranted the finding of the board and the judge to the effect that the locus was an unusual piece of land which could not be reasonably used for any purpose other than a parking lot. See *Tanzilli* v. *Casassa*, 324 Mass. 113, 117.

*Decree affirmed.*