FREDERICK D. CARY & others *vs.* BOARD OF APPEALS OF
WORCESTER & another.

Worcester.    March 2, 1960. — April 29, 1960.

Present: WILKINS, C.J., WILLIAMS, COUNIHAN, WHITTEMORE, &
CUTTER, JJ.

*Zoning.   Words,* "Substantially."

A zoning variance granted by a city's board of appeals permitting use of
a rear parcel, situated in a residence zoning district and bordered on
two sides by residences, as a parking lot in connection with a super-
market and an existing inadequate parking lot situated on a street in
an adjacent business district was beyond the authority of the board
and must be annulled where it appeared that, although such additional
parking space would serve the public good by lessening traffic conges-
tion in the area, it would result in substantial injury to the adjoining
residences and therefore the requirement of G. L. c. 40A, § 15, for a
variance, that it can be granted "without . . . substantially derogat-
ing from the intent or purpose of" the zoning ordinance, was not met.

BILL IN EQUITY, filed in the Superior Court on January 24,
1958.

The plaintiffs appealed from the final decree entered after
hearing by *Macaulay, J.*

The case was submitted on briefs.

*Walter J. Griffin,* for the plaintiffs.

*Lawrence H. Fisher,* for the defendants.

WHITTEMORE, J.    Five owners of property on Pomona
Road, Worcester, contend on this appeal that the subsidiary
facts found by the judge in the Superior Court require the
conclusion that the statutory requirements for a zoning
variance have not been met, so that the decision of the de-
fendant board of appeals of Worcester granting a variance
to the defendant Foodland, Inc., was beyond its authority
and the decree which sustained it was in error.

The board's decision, filed in the city clerk's office Janu-
ary 24, 1958, authorized Foodland, Inc., to use an interior

lot, marked C on the accompanying sketch, as a parking lot for its employees and customers, in connection with the operation of a supermarket in the front lot on Pleasant Street on condition that lights be focused and shielded "so as not to cast any light on any of the abutting properties; [and] that the area . . . be enclosed with a five foot high solid cedar picket fence . . . or . . . other suitable opaque fencing so as to prevent any glare from motor vehicle headlights being cast on abutting properties . . . ."

Both sides of Pleasant Street are in the Business C zone, which on the north side of the street is 100 feet deep. The locus is entirely within the adjacent Residence B zone and is bounded on the east by public school grounds, on a higher elevation, set off by a retaining wall and a superimposed wire fence.

William and Louis Kaplan are the sole owners of the stock of Foodland, Inc., which is one of two corporations

formed by them in connection with the establishment and operation of the supermarket. The judge found: "The operation of the supermarket . . . and the ownership of the real estate including the area for which the variance is sought . . . are so interrelated that altogether they constitute one enterprise." We shall refer to the owner or owners of the land and the enterprise as the Kaplans. The Kaplans had from 1949 to 1957 operated a store on the opposite side of Pleasant Street. In 1955 they bought a house and lot (A on sketch) at the corner of Pleasant Street and Pomona Road. On July 30, 1956, they acquired by two deeds the adjacent property shown, with a later division, as B and C on the sketch. This property, an old home site, had a frontage of ninety feet on Pleasant Street and a depth of 503 feet. When the market building was constructed so much of the land acquired in 1956 as is marked B on the sketch was included in the market and parking site, apparently by applying to areas A and B as a single lot a provision of the zoning ordinance reading that "[w]here a lot is situated in more than one district . . . it shall be deemed to be entirely within the district in which the greater or greatest portion of its area is situated . . . ."

The judge found that the parking area available to the market (i.e. most of B, and a small part of A) is inadequate, traffic conditions are often congested on Pleasant and Mill streets, and the character of Pleasant Street has changed substantially to more business since 1923 when the ordinance was enacted. Other findings are stated below.

The plaintiffs are right that changes and commitments made by the Kaplans after purchasing the land with a zoning law limitation on its use cannot be made a fulcrum to lift those limitations. The hardship found to exist "in connection with the operation of the supermarket" is irrelevant. See *Planning Bd. of Springfield* v. *Board of Appeals of Springfield,* 338 Mass. 160, 165–166, and cases cited. But the judge also found hardship to the owner of the locus in that "the rear lot . . . is not . . . suitable . . . [for, nor] adaptable to residential development . . . from a sound

investment point of view." Although the judge was addressing his findings to the locus as left after the commitment of area B to market use, there is basis for the view that the rear lot, which included the locus and some of the land later allocated to B, was, at the time of its purchase by the Kaplans, subject to a condition "especially affecting" it, and "not affecting generally the zoning district in which . . . [such lot was] located." Our decision on another issue is such that we need not determine whether the limited availability of the locus for residential purposes could be found to constitute a hardship such as would support the variance — a variance which in its effect has aspects of a change in zone boundary. See *Real Properties, Inc.* v. *Board of Appeal of Boston,* 319 Mass. 180, 183–185; *Coleman* v. *Board of Appeal of Boston,* 281 Mass. 112, 116–117.

The full and careful findings support the conclusion that "desirable relief may be granted without substantial detriment to the public good." G. L. c. 40A, § 15. The judge's finding was reasonable that the public good would be served by the increase in parking facilities for this growing business area where traffic and parking at times make maximum use of the highways, and congestion results.

The judge made findings as follows on the issue of substantial derogation "from the intent or purpose of . . . [the] ordinance": "Undoubtedly the establishment of a parking area . . . will have some effect on the fair market value of the appellants' . . . homes . . . which now have . . . fair market values of from $12,000 to $20,000 . . . [and] are ideally situated . . . near to the school . . . [and] the shopping area, and yet on a rather secluded street. Noise from cars in the parking area will be disturbing on Mondays through Fridays to 8:30 to 9 P.M. and on Saturdays to 6 P.M. . . . [T]he variance would derogate from one of the purposes of zoning laws to 'conserve the value of lands and buildings,' for the parking area in the rear of the appellants' homes would depreciate the market values of the . . . homes."

The judge noted that " '[s]ubstantially' in the sense used

is a comparative word . . . [that] local conditions are of importance . . . [and] 'a local board . . . can deal understandingly [with them],' " citing *Pendergast* v. *Board of Appeals of Barnstable*, 331 Mass. 555, 557, and he ruled that "[t]he sufferings . . . [of] the owners of properties about the market area must of necessity be contrasted with the advantages that the general public would gain . . . ." He concluded that the variance "would not be a substantial derogation of the purpose and intent of the zoning law in the light of all the facts and conditions."

The facts found require the conclusion that the variance will substantially injure the property of the abutting owners. The significance of this is not lessened by the small value of the back lot to the Kaplans so long as it remains subject to the residence zone restrictions, and the loss to the market from inadequate parking. Each requirement of the statute must be met. *Spaulding* v. *Board of Appeals of Leicester*, 334 Mass. 688, 692.

The issue is whether, despite the probable lessening of traffic congestion on Pleasant Street, the substantial injury to the several abutting parcels of land constitutes substantial derogation from the intent or purpose of the ordinance. G. L. c. 40A, § 15 (3).

In none of the cases where a variance has been sustained has there been such a degree of specific injury to nearby property. In several it has been noted that such injury was either absent or of small consequence. *Hammond* v. *Board of Appeal of Springfield*, 257 Mass. 446, 448. *Marinelli* v. *Board of Appeal of Boston*, 275 Mass. 169, 172. *Amero* v. *Board of Appeal of Gloucester*, 283 Mass. 45, 49. *Tanzilli* v. *Casassa*, 324 Mass. 113, 117. *Rodenstein* v. *Board of Appeal of Boston*, 337 Mass. 333, 336–337. *Kairis* v. *Board of Appeal of Cambridge*, 337 Mass. 528, 530. In *Norcross* v. *Board of Appeal of Boston*, 255 Mass. 177, a variance increasing the building height at Newbury and Arlington streets, Boston, was upheld notwithstanding some inevitable interference with light and air.

"The preservation of property of others in the neighbor-

hood is a matter of material consequence." *Everpure Ice Mfg. Co. Inc.* v. *Board of Appeals of Lawrence,* 324 Mass. 433, 438–439. *Benjamin* v. *Board of Appeals of Swansea,* 338 Mass. 257, 261. *Norcross* v. *Board of Appeal of Boston,* 255 Mass. 177, 185. See *Hammond* v. *Board of Appeal of Springfield,* 257 Mass. 446, 448; *Coleman* v. *Board of Appeal of Boston,* 281 Mass. 112, 116–117. The test of the statute is general; the effect of a variance on the intent or purpose of the ordinance must be determined by appraising the effect on the entire neighborhood affected. We assume therefore that the significance of some injury to some property may vary with all the circumstances. We do not think, however, that it can be concluded that the specific hurt here found to at least five residential properties is not a substantial derogation of purpose. The balancing of public advantage against the hurt to individuals which is inevitable with zoning is appropriately done in connection with the enactment or amendment of the ordinances or by-laws. See *Pierce* v. *Wellesley,* 336 Mass. 517. It is of limited operation in determining whether a proposed variance meets the rigid statutory conditions.

The decree is reversed; a decree is to be entered adjudging that the decision of the board of appeals was in excess of its authority and is annulled and ordering that the clerk within thirty days after the entry of the decree send an attested copy thereof to the board. The plaintiffs are to have the cost of this appeal against the defendant Foodland, Inc.

*So ordered.*