LOUISE H. SHACKA & others *vs.* BOARD OF APPEALS OF CHELMSFORD & another.

Middlesex.    November 9, 1960. — January 3, 1961.

Present: WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE, & CUTTER, JJ.

*Zoning.*

A conclusion that the "hardship" requirement for the granting of a zoning variance under G. L. c. 40A, § 15, was met with respect to a parcel of ordinary, flat grassland as to which the zoning board of appeals granted a variance for its use for an automobile service station, a use not permitted in the residence district where it was located, was not justified by the facts that the proprietor of the station had been forced by an eminent domain taking to vacate a former site of the station near by, that the parcel in question was the only place for the station which he could find, and that there was a trend toward commercial use of properties in the neighborhood; and the decision of the board of appeals granting the variance must be annulled even though the other requirements of § 15 for a variance were satisfied.  [594–595]
That the "hardship" required for the granting of a zoning variance under G. L. c. 40A, § 15, may, by reason of the amendment of § 15 by St. 1958, c. 381, be "financial or otherwise" does not affect the provision that the hardship must be "owing to conditions especially affecting . . . [the property in question] but not affecting generally the zoning district in which it is located."  [595]

BILL IN EQUITY, filed in the Superior Court on February 5, 1959, by way of appeal from a decision of the defend-

ant board of appeals granting a zoning variance to one Ferreira.

Ferreira intervened. The suit was heard by *Wisnioski, J.*

*P. Harold Ready, (Maurice Barlofsky* with him,) for the plaintiffs.

*Vernon R. Fletcher,* for the intervener.

WHITTEMORE, J. The decree in the Superior Court upholding the grant of a variance was in error.

The evidence shows that the applying owner, the intervener, had purchased the property at 46 Gorham Street, Chelmsford, on a "main highway," as a site for an automobile service station, a use not permitted in this general residence district. For seventeen years the intervener had operated a service station at 15 Gorham Street on land being taken for State highway purposes. The new site was ordinary, flat grassland, suitable for almost any purpose, and was the only place for a station which the intervener could find. In the one mile length of Gorham Street between the Billerica and Lowell lines, there were nine properties used for business.

The judge found in substance that the intervener had been forced to vacate his former site, his new business would be a convenience and benefit to the area, and the area along the street had tended markedly to change to varied commercial use, many residences having been adapted thereto. The judge also found, substantially in the words which state a part of the statute's requirements for a variance (G. L. c. 40A, § 15), that "[o]wing to conditions especially affecting the property here involved but not affecting generally the zoning district in which it is located . . . a literal enforcement of the . . . [by-law] would involve substantial hardship to the applicant Ferreira."

This conclusion was not justified by the facts and subsidiary findings. No hardship to the intervener is shown which is "owing to conditions especially affecting" his property and "not affecting generally the zoning district in which it is located." The hardship caused by the taking

of the former site is irrelevant.  *Planning Bd. of Spring-field* v. *Board of Appeals of Springfield,* 338 Mass. 160, 165–166.  *Cary* v. *Board of Appeals of Worcester,* 340 Mass. 748, 750.  The change in character of the neighborhood is not one "especially affecting such parcel."  Compare *Rodenstein* v. *Board of Appeal of Boston,* 337 Mass. 333, 335; *Cary* v. *Board of Appeals of Worcester,* 340 Mass. 748, 750–751.  The change, as the judge found, affects all the nearby area "along Gorham Street."  We need not determine whether, to satisfy the statute, the special effect, as the plaintiffs contend, must in every case be unique to the single parcel owned by the applicant.  Even though the trend to commercial use may not affect all the residence district in which the property is located, its effect is general.

The amendment of § 15, by St. 1958, c. 381, causing it to read "substantial hardship, *financial or otherwise*" (emphasis supplied), in no way lessens the requirement that the hardship must be due to conditions "especially affecting such parcel . . . but not . . . generally the zoning district."

If there is occasion to change the uses permitted on this and other land in the area, because of the general effect of the shift to business, that is for the town to consider by way of amendment.  *Cary* v. *Board of Appeals of Worcester,* 340 Mass. 748, 753.  The limited and carefully restricted variance power, *Benjamin* v. *Board of Appeals of Swansea,* 338 Mass. 257, 261, may not be invoked for this purpose.

All the requirements of § 15 must be met.  *Atherton* v. *Board of Appeals of Bourne,* 334 Mass. 451, 454.  Hence the further finding that relief can be afforded without substantial detriment to the public good and without substantially derogating from the intent and purpose of the by-law does not support the variance.

The final decree is reversed.  A decree is to enter adjudging that the decision of the board of appeals exceeded its authority and is annulled, and directing the clerk within thirty days to send an attested copy of the decree to the board.

*So ordered.*