KATHERINE E. R. SULLIVAN *vs.* BOARD OF APPEALS OF
BELMONT & another.

Middlesex.   March 7, 1963. — May 7, 1963.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & KIRK, JJ.

*Zoning,* Variance.

Respecting a locus situated at the southeast corner of two public ways,
   mostly in a residential zoning district extending to the west and in small
   part in a business district extending to the east, the facts that the locus
   was separated from the rest of the residential district by one of the
   ways and was adjacent to the business district, in which various business
   establishments were operated, that although physically possible it would
   be "economically impracticable" to erect a dwelling on the locus because
   of its proximity to a gasoline station on the next lot to the east, and that
   it was difficult to operate the gasoline station without using the locus in
   connection therewith did not show "substantial hardship" "owing to con-
   ditions especially affecting" the locus within G. L. c. 40A, § 15 (3), nor
   support the granting of a zoning variance for use of the locus as an
   adjunct of the gasoline station.

BILL IN EQUITY filed in Superior Court on May 10, 1961.
The suit was heard by *Smith,* J.

*Walter H. McLaughlin, Jr.* (*Arthur M. Gilman* with him) for the plaintiff.

*Earle C. Parks,* Town Counsel (*Owen P. Maher* with him), for the Board of Appeals of Belmont.

*Daniel Needham, Jr.,* for Santoro's Service Station, Inc.

KIRK, J. This is a bill in equity under G. L. c. 40A, § 21, as amended, by way of an appeal from a decision of the zoning board of appeals of the town of Belmont granting a variance to Santoro's Service Station, Inc. (Santoro), allowing a lot of land (the locus) almost entirely within a general residence district to be used for purposes accessory to a gasoline service station in a local business district. The plaintiff is the owner of adjacent residential property, located principally in a single resident district, which would be affected by the variance. The judge entered a decree that the board did not exceed its authority in granting the variance and that no modification of the decision was required. The plaintiff appealed. The judge made a statutory report of material facts. The evidence is reported in condensed form. In these circumstances all questions of law, fact, and discretion are open for review by us but the findings of fact will not be disturbed unless they appear to be plainly wrong. *Rodenstein* v. *Board of Appeal of Boston,* 337 Mass. 333, 334.

The report of material facts may be summarized as follows: The locus, lot 80 A, is situated on the southeast corner of the intersection of Concord Avenue and Becket Road in Belmont. Concord Avenue runs in a generally easterly and westerly direction. On the south side of Concord Avenue and in a direction east of the locus are several small business establishments all within an area zoned for local business. The businesses thus located within 1,000 feet of the locus are three gasoline service stations, a building used for storage and sales, a cleaning establishment, and the service station owned by Santoro. The service station is located on lot 79 D which is adjacent to the locus. Santoro has exercised an option to buy lot 79 D and the locus from Queen's Trading Co. Inc. There has been a gasoline sta-

tion in operation on these lots since 1926 except for a period of a few years during World War II.   Since 1945 a service station has been located on lot 79 D.   The locus has been used as a means of access to it by virtue of a variance granted in that year.   The 1945 variance, according to its terms, was to expire upon the sale of the lot.   Santoro brought a petition for a variance which would permit the use of the locus in connection with the service station.   The variance was granted subject to certain conditions.[1]   G. L. c. 40A, § 15, as amended.

The plaintiff's property is a single family dwelling on Becket Road.   Its north boundary abuts on the locus and part of lot 79 D.   The judge found that it would be "physically possible" to erect a dwelling on the locus but that it would be "economically impracticable" due to the proximity to the gasoline station on lot 79 D.   The judge in effect concluded, as the board had found, that there was substantial hardship to the owner and that desirable relief could be granted without substantial detriment to the public good and without derogating from the intent or purpose of the by-law.   The judge adopted the language of the board as his own: "The hardship in this case arises by reason of conditions especially affecting Lot 80 A but not affecting generally the zoning district in which it is located."

It is apparent that a painstaking effort has been made to establish all the facts necessary to meet the statutory requirements.   These requirements cannot be satisfied by a "mere repetition of the statutory words." *Brackett* v. *Board of Appeal of the Bldg. Dept. of Boston,* 311 Mass. 52, 54.   We think, however, that the facts set forth in the record do not demonstrate substantial hardship "owing to conditions especially affecting such parcel . . . but not affecting generally the zoning district in which it is located . . . ."   G. L. c. 40A, § 15, cl. 3.

---

[1] Santoro would be required (a) to erect a suitable screening fence from the back line of the locus for forty feet north along the Becket Road boundary, (b) install a shrub border planting along the Becket Road line and along the entire back lot line of the locus, and (c) maintain all fences and landscaping in good and presentable repair.

The evidence offered by Santoro as to the difficulty of operating a service station on lot 79 D without the use of the locus both as a means of access and for other necessary operations of a service station is irrelevant.  The substantial hardship required by the statute must relate to the specific lot for which the variance is being sought and not to some other lot or to the person seeking the variance.  *Hurley* v. *Kolligian,* 333 Mass. 170, 174.

The hardship found by the judge is that it would be "economically impracticable" to use the locus for residential purposes because it is contiguous to a gasoline station.  It is well established that hardship caused by proximity to areas of commercial activity is not a sufficient basis to justify the exercise of the narrowly confined power of granting a variance.  *Real Properties, Inc.* v. *Board of Appeal of Boston,* 319 Mass. 180, 183.  *Coolidge* v. *Zoning Board of Appeals of Framingham,* 343 Mass. 742, 745.  It is obvious that residential property immediately adjacent to a district zoned for commercial use is likely to be less valuable for residential purposes than similar property which is not contiguous to a business area.  However, regard must also be had to the property of others in the neighborhood which would be adversely affected by the granting of the variance.  See *DiRico* v. *Board of Appeals of Quincy,* 341 Mass. 607, 610.  In this connection this court has stated and frequently repeated that a district has to end somewhere.  "Care should be taken lest the boundaries of a residence district be pared down in successive proceedings granting variances to owners who from time to time through such proceedings find their respective properties abutting upon premises newly devoted to business purposes."  *Real Properties, Inc.* v. *Board of Appeal of Boston,* 319 Mass. 180, 184.

Both the board and the judge appear to have been strongly influenced by the additional fact that the locus is separated from the other lots in the general residence district by Becket Road.  It is the only lot in the general residence district fronting on Concord Avenue east of Becket Road.  (See diagram.)  While this may be a factor in de-

termining whether a variance should be granted, this factor alone is not enough to take the case out of the previously enunciated general rule. The land itself has no unique qualities, and in this respect the case is to be distinguished from *Dion* v. *Board of Appeals of Waltham*, 344 Mass. 547, in which there were factors peculiar to the land itself in

R= General Residence District
S= Single Residence District
L= Local Business District

addition to the isolation of the locus from the rest of the district in which it was zoned. See *Rodenstein* v. *Board of Appeal of Boston*, 337 Mass. 333, 335 (large deposits of "pudding stone" on the land).

The granting of the variance appears to be supported solely by a determination that the boundary lines are not drawn in the most logical sequence in light of the now existing streets and roads.[2] It may well be that permitting

---

[2] At the time the town of Belmont originally adopted the zoning by-law which established the districts involved in this controversy, January 19, 1925, Becket Road was not an accepted street.

commercial activity of the kind envisioned would be a "natural and logical extension of the general business district to Becket Road." Such a determination, however, is one not to be made by the board of appeals in the exercise of the variance power but is one for consideration and determination by the town under the procedures adopted for amendments to its zoning by-law. The board's "limited and carefully restricted variance power, *Benjamin* v. *Board of Appeals of Swansea,* 338 Mass. 257, 261, may not be invoked for this purpose." *Shacka* v. *Board of Appeals of Chelmsford,* 341 Mass. 593, 595.

The final decree is reversed. A decree is to be entered that the decision of the board of appeals exceeded its authority and is annulled.

*So ordered.*