HARRIET W. GARFIELD & another *vs.* BOARD OF APPEALS OF ROCKPORT & another.

Essex. March 5, 1969. — May 8, 1969.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & KIRK, JJ.

*Equity Pleading and Practice,* Zoning appeal. *Zoning,* Variance.

The Superior Court was not deprived of jurisdiction of a seasonably commenced suit in equity by way of appeal from a decision of a zoning board of appeals under G. L. c. 40A, § 21, as amended through St. 1960, c. 365, by the fact that notice of the filing of the bill, with a copy of the bill, was not received by the municipal clerk until the notice was delivered to her home, after the closing of her office, on the twentieth day of the prescribed twenty days after the filing of the decision in her office. [39]

A zoning variance granted with respect to an old wooden three-story structure used as an inn in a residential district in a town was in excess of the authority of the zoning board of appeals and must be annulled where it appeared that, although use of the structure as an inn was a preëxisting nonconforming use, such use was irrelevant since the town's zoning by-law contained no provision giving such use a special aspect for zoning purposes, that the variance would allow construction of a motor inn, consisting of three buildings, upon the razing of the old inn, and that a conclusion that a hardship existed of the kind necessary for a variance under G. L. c. 40A, § 15 (3) was not justified, although recent statutory requirements would necessitate extensive renovations, repairs, and improvements in the existing structure, razing it would be expensive, and a possible sale of the property for business use would be lost. [41]

BILL IN EQUITY filed in the Superior Court on July 29, 1966.

The suit was heard by *Macaulay,* J.

*Ansel B. Chaplin (Joseph P. Rooney* with him) for the plaintiffs.

*James H. Bagshaw* for Michael L. Feldman.

SPALDING, J.  The plaintiffs appealed under G. L. c. 40A, § 21, from a decision of the board of appeals (board) of Rockport granting the defendant Michael L. Feldman a variance for the construction of a motor inn in an area zoned for single residence use.  A decree was entered sustaining the board's decision, and the plaintiffs appealed. The judge made a report of material facts which contained careful and detailed findings.  The evidence is reported.

The locus consists of 2.66 acres of land in Rockport on which there is a wooden three-story structure built in 1888. The plaintiffs own houses adjacent to the northerly side of the locus.  The building on the locus, known as the Turk's Head Inn (the Inn), was operated as an inn for approximately seventy-five years.  By St. 1963, c. 687 and c. 690, the Legislature enacted new and extensive provisions relative to building laws applying to hotels, lodging houses, and the like.  Thereafter Rockport's building inspector advised A. Theodore Oxton, the owner of the Inn, that certain renovations, repairs, and improvements would have to be made to meet the new statutory requirements.  Rather than make these changes, which were extensive, Oxton discontinued the Inn's operation.

In 1966 the defendant Feldman agreed to buy the locus, subject to the condition that a variance could be obtained to permit the construction of a motor inn.  Rockport first adopted zoning by-laws in 1951, at which time the locus was placed in a single residence district.  Thereafter the Inn was operated, until its closing in 1964, as a preëxisting nonconforming use.  In June, 1966, the board granted Feldman's petition for a variance to build the proposed motor inn, consisting of three buildings.

1. Feldman contends that the plaintiffs did not comply with the provisions of G. L. c. 40A, § 21, as amended through St. 1960, c. 365.  Under that statute "Any person aggrieved by a decision of the board of appeals . . . may appeal to the superior court for the county in which the land concerned is situated, by filing a bill in equity within twenty days after the decision has been filed in the office of the

city or town clerk. *Notice of the filing with a copy of the bill in equity shall be given to such city or town clerk so as to be received within such twenty days"* (emphasis supplied). Since the board's decision was filed in the town clerk's office on July 12, 1966, the twentieth day was August 1. The bill in equity was filed in the Superior Court on July 29, but the notice of filing, with a copy of the bill in equity, was not received by the town clerk until it was delivered to her home at 6:35 P.M. on August 1. On that day the town clerk's office had closed at 4 P.M., its regular closing time.

If the required notice was not received within twenty days, the appeal should have been dismissed for lack of jurisdiction. *Lincoln* v. *Board of Appeals of Framingham,* 346 Mass. 418. *McLaughlin* v. *Rockland Zoning Bd. of Appeals,* 351 Mass. 678. *Bjornlund* v. *Zoning Bd. of Appeals of Marshfield,* 353 Mass. 757. We recently stated that "The purpose of the requirement of the filing with the town clerk is to give interested persons 'at least constructive notice of the appeal.' *Carey* v. *Planning Bd. of Revere,* 335 Mass. 740, 745." *McLaughlin* v. *Rockland Zoning Bd. of Appeals, supra,* 680. Feldman, relying on this language, urges that an interested person should be able to depend on the state of the record in the clerk's office at the close of business on the last day for filing and that the filing by the plaintiffs at the clerk's home consequently was too late. Although there is force in this argument, it is not supported by the wording of G. L. c. 40A, §§ 18 and 21. These sections specifically require that the board's decision be filed "in the office of the city or town clerk." In contrast, however, the notice of the filing of the bill in equity is to be given "to . . . [the] city or town clerk"; there is no reference to the town clerk's office.[1] We are of opinion that the delivery on the twentieth day to the town clerk at her home satisfied § 21. See *Wood* v. *Simons,* 110 Mass. 116. *Bjornlund* v. *Zoning Bd. of Appeals of Marshfield,*

---

[1] Doubtless, however, a notice seasonably filed in the clerk's office during its normal hours would be sufficient, even if the clerk was not present.

353 Mass. 757, is distinguishable, since in that case the notice was not received until the twenty-first day.

2. We now turn to the question whether the variance was properly granted. In upholding the board's decision, the judge placed considerable reliance on the statement in *Chilson* v. *Zoning Bd. of Appeal of Attleboro*, 344 Mass. 406, 412, that "the special aspect which the prior nonconforming use has given to the locus is a relevant circumstance."

The *Chilson* case upheld the validity of a special provision in the zoning ordinance allowing replacements or alterations in nonconforming uses in certain circumstances. However, as we said in that case in relation to certain ordinances which permitted changes in nonconforming uses, "[w]ithout such a provision in the local zoning law a change to a different use which is no more objectionable is barred." Pp. 412–413. Thus, where, as in the case at bar, there is no such special provision applying to the modification of a nonconforming use by the construction of new buildings, the prior nonconforming use is irrelevant,[2] and the Inn could be replaced by the proposed new buildings only if a variance were properly obtained. *Simeone Stone Corp.* v. *Board of Appeals of Bourne*, 345 Mass. 188, 192–193. To the extent that the language in *Amero* v. *Board of Appeal of Gloucester*, 283 Mass. 45, at page 52, is at variance with this holding, we are not disposed to follow it.

A variance may be granted under G. L. c. 40A, § 15, cl. 3, "where, owing to conditions especially affecting such parcel or such building but not affecting generally the zoning district in which it is located, a literal enforcement of the provisions of the ordinance or by-law would involve substantial hardship, financial or otherwise to the appellant, and where desirable relief may be granted without substantial detriment to the public good and without nullifying or substantially derogating from the intent or purpose of such ordinance or by-law, but not otherwise." Before a variance may be granted, all of the requirements set forth in the

---

[2] In view of this conclusion, whether there had been an abandonment of the nonconforming use was likewise irrelevant, and we do not reach that issue.

statute must be satisfied. *Atherton* v. *Board of Appeals of Bourne,* 334 Mass. 451, 454. *Shacka* v. *Board of Appeals of Chelmsford,* 341 Mass. 593, 595. The judge may uphold the granting of a variance only if he finds that the prerequisites of § 15 were met. *Blackman* v. *Board of Appeals of Barnstable,* 334 Mass. 446. *Coolidge* v. *Zoning Bd. of Appeals of Framingham,* 343 Mass. 742.

In the case at bar there was no "substantial hardship, financial or otherwise," and therefore the judge should not have upheld the granting of the variance. "The substantial hardship required by the statute must relate to the specific lot for which the variance is being sought and not to some other lot or to the person seeking the variance." *Sullivan* v. *Board of Appeals of Belmont,* 346 Mass. 81, 84. In quite similar circumstances we recently held in *Abbott* v. *Appleton Nursing Home, Inc.,* 355 Mass. 217, 221, that whatever hardship existed was personal to the Appleton Nursing Home and its use of the land. "To hold otherwise would treat the declining profit derived from a nonconforming use as in itself a hardship permitting a variance to enlarge and expand that use." P. 221. The locus apparently could be used for residential purposes, and neither the expense of razing the Inn nor the loss of a possible sale of the locus for business use establishes a hardship under G. L. c. 40A, § 15. *McLaughlin* v. *Rockland Zoning Bd. of Appeals,* 351 Mass. 678, 683.

Since there was no substantial hardship, we need not consider whether the other requirements of G. L. c. 40A, § 15, cl. 3, were satisfied. The final decree is reversed and a new decree is to be entered adjudging that the decision of the board was in excess of its authority and is annulled.

*So ordered.*