PLANNING BOARD OF BARNSTABLE *vs.* BOARD OF APPEALS OF BARNSTABLE & another. March 3, 1971. This is an appeal by the plaintiff from a final decree adjudging that the decision of the defendant board granting a zoning variance to permit construction of an apartment building was valid. In his "Findings, Rulings and Order," the judge stated, inter alia, that "[c]onsidering the totality of 'circumstances, characteristics and area' of . . . [the] locus as a whole and not as separate items, . . . [a] literal enforcement of the [z]oning [b]y-[l]aw would involve substantial financial hardship to . . . [the owner of the locus]" and that "[t]he substantial hardship relates both to the land and to . . . [the owner]." The findings of the judge regarding the physical characteristics of the locus and the economic impracticality of using it for residential purposes do not support his conclusion. The fact that a more economical and practical use of the land might be made if it were used for apartment rather than single family purposes does not support the variance. See *Sullivan* v. *Board of Appeals of Belmont*, 346 Mass. 81, 84. *Garfield* v. *Board of Appeals of Rockport*, 356 Mass. 37, 41. The fact that the owner of the locus may personally suffer financial hardship because he erroneously assumed that the locus was zoned for business, paid $7,000 for it and has not received an offer higher than $2,500 does not result from "conditions especially affecting" his property "but not affecting generally" other land in that zoning district as required by G. L. c. 40A, § 15, as amended through St. 1958, c. 381. *Shacka* v. *Board of Appeals of Chelmsford*, 341 Mass. 593, 594. *Garfield* v. *Board of Appeals of Rockport*, supra, pp. 40–41. There are no "conditions especially affecting" the locus within the meaning of § 15 as found in *Dion* v. *Board of Appeals of Waltham*, 344 Mass. 547, 550–552, and *Sherman* v. *Board of Appeals of Worcester*, 354 Mass. 133, 135–136. The final decree is reversed and a new decree is to be entered adjudging that the decision of the board was in excess of its authority and is annulled.

*So ordered.*

*Philip M. Boudreau (Michael D. O'Neil* with him) for the plaintiff.

*Richard C. Anderson* for the defendant William F. Whalen *(Robert E. O'Neil*, Town Counsel, for the Board of Appeals of Barnstable, with him).