Giles, J.
Introduction
This action arises out of a pro se appeal by plaintiff Marilyn Jacobs (“plaintiff’) pursuant to G.L.c. 40A, §17, seeking reversal of a decision by the Board of Appeals of the Town of Weston (“Board”). Plaintiff challenges the Board’s grant of a variance to defendant landowners, Robert and Margot Siegrist (“defendants”). Defendants now move to dismiss plaintiffs appeal on the grounds that she failed to file her appeal in a timely manner and notify the correct municipal official of its filing. Plaintiff, now represented by counsel, opposes the motion. For the following reasons, defendant’s motion to dismiss is ALLOWED.
Background
On April 18, 2001, defendants petitioned the Board for a variance to implement an addition onto their home. After publishing notice of the hearing on the variance request, the Board heard the matter on June 11, 2001. On June 13, 2001, the Board granted defendant’s petition for the variance. Plaintiff alleges that she was at the hearing and objected to the Board’s grant of the variance to defendants.
On July 2, 2001, plaintiff filed her pro se complaint in this court. According to the deputy sheriff s return of service, service of the complaint was effected on July 3, 2001, upon Lucy Saunders, the assistant manager of the Selectmen’s Office and purported “agent, person in charge at the time of service for Zeytoonjian, Lizabeth, Clerk, Weston Town Hall ...” Lizabeth Zeytoonjian is the clerk of the Board.[2] M. Elizabeth Nolan, the town clerk, never received notice of plaintiffs appeal on July 3, 2001.
Discussion
Plaintiff filed her complaint pursuant to G.L.c. 40A, §17, which makes receipt of notice by the town clerk within twenty days a prerequisite to judicial review by this court.[3] See Garfield v. Board of Appeals of Rockport, 356 Mass. 37, 39 (1969). The courts have “policed in the strongest way” and “given strict enforcement” to this notice requirement. Bingham v. City Council of Fitchberg, 52 Mass.App.Ct 566, 568 (2001), quoting Konover Mgmt. Corp. v. Planning Bd. of Auburn, 32 Mass.App.Ct 319, 322-23 (1992). Courts, however, have “not equated strict enforcement and strong policing with inflexible literalness.” Konover, supra at 323. “Strict compliance with all the details of the notice provision is not required, so long as notice adequate to serve the purpose of the provision is given within the period limited.” Id., quoting Costello v. Board of Appeals of Lexington, 3 Mass.App.Ct. 441, 443 (1975). See Schulte v. Director of the Div. of Employment Security, 369 Mass. 74, 79-80 (1975).
Nevertheless, even applying a less rigid and literal standard, the instant plaintiff failed to comply with the notice requirements of C.L.c. 40A, §17. At best, she served the clerk of the Board, not the town clerk.[4] Moreover, unlike the Konover case, there is no evidence here that the town clerk became aware that plaintiff had commenced an action for judicial review on or before the end of the twenty-day time limit. Thus, the town clerk received neither actual nor constructive notice of the appeal before the deadline.
This was not an innocuous procedural misstep. See Schulte, supra. In the case at bar, the town clerk had no knowledge of the action as of the close of business on July 3, 2001. See Bingham, supra at 570. Therefore, she was prevented from fulfilling her duly of notifying “interested third parties . . . that the zoning status of the land [was] still in question.” Carr v. Board of Appeals of Saugus, 361 Mass. 361, 363 (1972). Because the required notice was not received before the expiration of the twenty-day appeal period, plaintiffs appeal should be dismissed for lack of jurisdiction. See Garfield, supra.
ORDER
For all the foregoing reasons, the defendant’s motion to dismiss is hereby ALLOWED.

 Service also was made on Wendy Kaplan Amour, the Board’s acting chairman and secretary, and upon one of the Board’s members, Peter C. Knight.

 General Laws chapter 40A, §17 provides in relevant part:
Any person aggrieved by a decision of the board of appeals, . . . may appeal to . . . the superior court department in which the land is situated ... by bringing an action within tweniy days after the decision has been filed in the office of the city or the town clerk . . . Notice of the action with a copy of the complaint shall be given to such city or town clerk so as to be received within such twenty days.

 The official actually served worked in the Selectmen’s Office.