NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

17-P-382                                        Appeals Court

BRIAN S. HICKEY & another[1]  vs.  ZONING BOARD OF APPEALS OF
DENNIS

No. 17-P-382.

Suffolk.     February 5, 2018. - June 15, 2018.

Present:  Green, C.J., Henry, & Singh, JJ.


Zoning, Notice, Appeal, Board of appeals:  decision.  Practice,
Civil, Zoning appeal, Summary judgment.  Notice.



Civil action commenced in the Land Court Department on
April 20, 2016.

The case was heard by Alexander H. Sands, III, J., on
motions for summary judgment.


John E. Bowen for the plaintiffs.
Jackie Cowin for the defendant.


GREEN, C.J.  Section 17 of the Zoning Act, G. L. c. 40A,

sets out the procedural requirements for a person aggrieved by a

decision of a zoning board of appeals or special permit granting

authority to seek judicial review "by bringing an action within

_____

[1] Mary P. Hickey.

twenty days after the decision has been filed in the office of the town clerk," and further specifies that "[n]otice of the action with a copy of the complaint shall be given to such city or town clerk so as to be received within such twenty days." A judge of the Land Court allowed the defendant's motion for summary judgment, dismissing the plaintiffs' complaint, on the ground that the plaintiffs did not timely give the required notice to the town clerk. Because the undisputed facts in the summary judgment record establish that the town's assistant clerk had actual knowledge of the plaintiffs' complaint within the required time, we reverse the judgment. See Konover Mgmt. Corp. v. Planning Bd. of Auburn, 32 Mass. App. Ct. 319, 324-325 (1992) (Konover).

Background. The following facts are established by the summary judgment record. Plaintiffs Brian S. Hickey and Mary P. Hickey own land abutting the location of a proposed stairway leading to Cape Cod Bay. The Dennis building commissioner determined that the stairway would be a landscape feature not subject to the setback requirements set forth in the local zoning bylaws, and not requiring a building permit.

The Hickeys unsuccessfully appealed that decision to the defendant zoning board of appeals of Dennis (board). After voting unanimously to uphold the building commissioner's

determination, the board filed its decision with the town clerk's office on April 14, 2016.

On April 20, 2016, the Hickeys timely filed their complaint appealing the board's decision in the Land Court under G. L. c. 40A, § 17. On April 21, 2016, the Hickeys' counsel sent copies of the complaint by certified mail to each of the individual members of the board, addressed to their respective homes.[2] On the same day, the Hickeys' counsel sent a package by certified mail addressed to "Chairman, Zoning Board of Appeals" at the Dennis town hall, which included copies of the same documents sent to the board members individually.

The chairman's packet was received at the Dennis town hall on April 25, 2016, where it was routed to the office of the town planner by some time on April 26, 2016. After his receipt of the chairman's packet, the town planner had a series of conversations with the assistant town clerk. At some point prior to May 4, 2016 (the end of the twenty day appeal period), the town planner told the assistant town clerk that the plaintiffs had filed their complaint in the present case in the

---

[2] In addition to the complaint, the packages included a cover letter, a copy of a summons, a civil action cover sheet, and the Land Court's Limited Assistance Representation Information Sheet.

Land Court.[3]  It is, in other words, undisputed that the assistant town clerk had actual knowledge that the plaintiffs had appealed the board's decision before the appeal period expired.[4]

It is undisputed that the Hickeys' counsel did not mail a copy of the complaint to the Dennis town clerk.  Moreover, neither the clerk nor the assistant clerk saw a copy of the Hickeys' complaint before May 5, 2016.  The Hickeys' counsel's only direct communication with the town clerk's office for the purpose of providing notice of the appeal occurred by e-mail dated May 5, 2016 -- which he sent after the town clerk certified that she had not received any notice of an appeal within the required timeframe.[5]

---

[3] The parties agree that service of notice on the assistant clerk is the equivalent of service on the clerk.  See Konover, supra at 324 n.9.

[4] In allowing the defendant's motion for summary judgment, the motion judge reasoned that because the assistant clerk's knowledge of the plaintiffs' complaint relied on a hearsay statement by the town planner rather than the assistant clerk's direct personal observation of the complaint, it did not constitute "knowledge" of the complaint within the meaning of Konover.  We are aware of no authority requiring, and we see no reason for, the imposition of such adjudicative evidentiary standards on the assessment of the clerk's actual knowledge that an appeal has been taken.

[5]  The town clerk's May 5, 2016, certification was attached to the board's original decision and stated that "this decision was filed on April 14, 2016, and no appeal was filed within 20 days after date of filing."  Later that day, apparently recognizing that the earlier certification did not accurately

The board moved to dismiss the Hickeys' complaint, based on the failure to file notice of the appeal or a copy of the complaint with the town clerk before May 4, 2016. After the Land Court judge permitted limited discovery on the issue, the board converted its motion to one for summary judgment. The judge then allowed the motion, and entered judgment dismissing the complaint. This appeal followed.

Discussion. "[R]eceipt of notice by the town clerk is a jurisdictional prerequisite for an action under G. L. c. 40A, § 17, which the courts have 'policed in the strongest way' and given 'strict enforcement.'" See Konover, 32 Mass. App. Ct. at 322-323, quoting from Pierce v. Board of Appeals of Carver, 369 Mass. 804, 808 (1976) and O'Blenes v. Zoning Bd. of Appeals of Lynn, 397 Mass. 555, 558 (1986). The purpose of notice to the town clerk is to provide "notice to interested persons that the decision of the board of appeals has been challenged and may be overturned." Pierce, supra at 808.

However, "[s]trict compliance with all the details of the notice provision is not required, so long as notice adequate to serve the purpose of the provision is given within the period

---

describe matters as known to the clerk's office, the town clerk affixed a revised certification to the board's decision, stating "this decision was filed with the Town Clerk's office on April 14, 2016, and no Notice of Appeal from the decision was filed with the Town Clerk's Office within 20 days of April 14, 2016."

limited."  Costello v. Board of Appeals of Lexington, 3 Mass. App. Ct. 441, 443 (1975).  By way of example, in McLaughlin v. Rockland Zoning Bd. of Appeals, 351 Mass. 678, 680 (1967), the court concluded that the purpose of the statute was met when the plaintiffs timely filed a copy of their complaint with the town clerk, even though they did not file a separate notice stating that it had been filed in court.  Similarly, the court found notice adequate in Carr v. Board of Appeals of Saugus, 361 Mass. 361, 362-363 (1972), where the plaintiff timely filed a notice of the appeal with the town clerk but did not include a copy of the complaint.  In Garfield v. Board of Appeals of Rockport, 356 Mass. 37, 39 (1969), the plaintiffs delivered notice that they had filed an appeal and a copy of the complaint to the town clerk at her home at 6:35 P.M. on the last day of the appeal period, after the town offices had closed.  The court held that delivery to the clerk at her home satisfied the notice requirement.  Ibid.

Finally, in the circumstances closest to those in the present case, notice was deemed adequate in Konover, supra.  In that case, counsel for the plaintiff had prepared two sets of papers for service at town hall -- one for service on the board and the other for delivery to the town clerk.  Id. at 320-321.  Both were placed together in a sealed envelope marked "Summonses to the Auburn Planning Board in the Town of Auburn."  Id. at

320. The process server, unaware that the envelope contained two sets of papers, left the sealed envelope with the secretary to the town planner. <u>Ibid</u>. Days later, but within the appeals period, the town planner opened the envelope and walked across the hall to the town clerk's office where he told the clerk and an assistant town clerk that he had received the plaintiff's complaint. <u>Id</u>. at 321. He showed the assistant town clerk the front page of the complaint -- "to see if she received what I had received" -- which she had not. <u>Ibid</u>. After that, the town planner placed all of the documents he had received into a file in the board's office, and no formal notice of the appeal was ever filed with the town clerk. <u>Id</u>. at 322. In concluding that the requirements of § 17 had been met, the court observed that the "key element" in cases "relaxing the rigors of strict compliance with the zoning appeal statute" is that within the twenty-day statutory appeal period "the clerk is actually notified that an appeal -- i.e., a complaint -- has in fact been timely filed," <u>id</u>. at 324-325, and that "it is the state of the clerk's knowledge, not the physical location of the papers, that controls."[6] <u>Id</u>. at 324-325.

---

[6] The paramount significance of the state of the clerk's knowledge was reiterated in <u>Bingham</u> v. <u>City Council of Fitchburg</u>, 52 Mass. App. Ct. 566, 571 (2001), even as it declined to accept as adequate a notice of appeal delivered to the mayor fifteen minutes after the clerk's office closed on the

As we have observed, in the present case it is established that the clerk knew sometime before May 4, 2016, that the plaintiffs had filed a complaint in the Land Court appealing the April 24, 2016, decision of the board. Since it is the state of the clerk's knowledge that controls, the requirements of G. L. c. 40A, § 17, were satisfied, and the order allowing the defendant's summary judgment motion was error.[7]

<u>Judgment reversed</u>

---

twentieth day, since the clerk did not learn of the appeal until the following day.

[7] In the present case, the plaintiff served the individual members of the board, and mailed a copy of the complaint to the chairman of the board at the town hall. The case accordingly does not require us to consider whether notice would be adequate if it came to the attention of the town clerk by means other than through communications with other officials charged with administration of the local zoning by-law.

SINGH, J. (dissenting).  It is undisputed that the plaintiffs failed to give timely "[n]otice of the action with a copy of the complaint" to the town clerk as required by G. L. c. 40A, § 17.  Nonetheless, they were able to depose the town clerk, the assistant town clerk and the town planner in an effort to establish that the town clerk had actual knowledge of the filing of their complaint.  I believe this inquiry into the "actual knowledge" of the clerk removes the burden from where it properly should be placed, squarely on the shoulders of the plaintiffs.  Where a party has failed in its statutory notice obligation, local officials should not be drawn into litigation.

I acknowledge that dismissal of an appeal is a severe sanction for failure to give timely notice to the town clerk, particularly where it appears that the plaintiffs timely filed a complaint in court to challenge the decision of the local zoning board of appeals.  Given that the requirement of G. L. c. 40A, § 17, is a jurisdictional requisite to judicial review, however, see Garfield v. Board of Appeals of Rockport, 356 Mass. 37, 39 (1969), this requirement must be enforced even where it leads to harsh results.[1]  See Bjornlund v. Zoning Bd. of Appeals of

_____

[1] The requirement of notice to the town clerk appears in the first paragraph of G. L. c. 40A, § 17.  The second paragraph describes those persons who must be named as defendants in a zoning appeal -- and the list does not include the town clerk. See G. L. c. 40A, § 17.  The statute goes on to provide a method of supplying notice to the defendants "instead of the usual

Marshfield, 353 Mass. 757, 757 (1967); O'Blenes v. Zoning Bd. of Appeals of Lynn, 397 Mass. 555, 558-559 (2001); Costello v. Board of Appeals of Lexington, 3 Mass. App. Ct. 441, 442 (1975); Bingham v. City Council of Fitchburg, 52 Mass. App. Ct. 566, 566-567 (2001).

The Hickeys argue that their failure to serve the town clerk with notice of their appeal should be excused because the assistant town clerk was told by the town planner that he had received the Hickeys' complaint. In doing so, they rely primarily on Konover Mgmt Corp. v. Planning Board of Auburn, 32 Mass. App. Ct. 319 (1992) (Konover).

---

service of process" in order "to avoid delay in the proceedings." G. L. c. 40A, § 17. Such notice must be sent to the defendants within "fourteen days after the filing of the complaint." G. L. c. 40A, § 17. Here, it is undisputed that the Hickeys supplied notice to the board members both in the manner directed by the statute and also by sending a packet including a summons and copy of the complaint (addressed to the board's "Chairman") to the town offices with a cover letter invoking Mass.R.Civ.P. 4, as amended, 402 Mass. 1401 (1988). Because the town clerk is not a defendant to a zoning appeal, it is apparent that the two separate notice requirements found in § 17 serve entirely different purposes. Thus, it is clear in the statutory scheme that providing notice of the action to the named defendants is not the same as providing notice to the clerk. Moreover, lapses in compliance with the former requirement have been forgiven to an extent that lapses in compliance with the latter have not. See Pierce v. Board of Appeals of Carver, 369 Mass. 804, 809 (1976) ("there is a different approach to the carrying out of the later steps of an action which has been timely commenced and timely recorded in the town clerk's office").

Under the circumstances recited in Konover, this court held that the plaintiff had adequately complied with G. L. c. 40A, § 17. In so doing, we found that the "key element" in cases "relaxing the rigors of strict compliance with the zoning appeal statute" is that within the appeals period "the clerk is actually notified that an appeal -- i.e., a complaint, has in fact been timely filed." Id. at 324-325. Referring to Garfield, supra, the Konover court wrote, "[t]he decision makes it clear that it is the state of the clerk's knowledge, not the physical location of the papers, that controls." Konover, supra at 325. In Garfield, however, the court did not discuss the state of the clerk's personal knowledge as a basis for its decision. Instead, the court relied on the statutory language -- emphasizing that, in contrast to G. L. c. 40A's provisions for filing the board's decision "in the office of the city or town clerk," the language relevant to judicial appeals required only that notice be given "to . . . (the) city or town clerk," and did not require filing in the clerk's "office." Garfield, supra at 39.

There is, however, another "key element" that is apparent from Konover and the cases cited therein -- which is that, before the notice requirement had been "relaxed," there had been an attempt by the plaintiff to provide the clerk with written notice of the appeal by some reasonably effective (albeit

imperfect) means.  See Konover, supra at 321 (counsel sent out notice packet for service on town clerk).  See also, McLaughlin v. Rockland Zoning Board of Appeals, 351 Mass. 678, 679 (1967) (complaint was delivered to town clerk without a notice of filing); Garfield, 356 Mass. at 39 (notice and copy of complaint were delivered to clerk at home, after close of business); Carr v. Board of Appeals of Saugus, 361 Mass. 361, 361 (1972) (notice of filing was delivered to town clerk without complaint).

Moreover, in all of these cases, the clerk's "actual knowledge" of the appeal has been linked in some way to the attempt by the plaintiff to serve her with notice.[2]  See Konover, supra at 321 (town planner received notice intended for clerk and informed clerk that appeal had been filed).  See also, McLaughlin, supra at 679; Carr, supra at 361; Garfield, supra at 39.

---

[2] The motion judge addressed this issue by interpreting Konover in such a way as to limit "personal knowledge" to instances where the clerk or assistant clerk has actually seen the complaint, so as to avoid reliance on hearsay.  Although the majority sees no reason to apply "adjudicative evidentiary standards" on assessment of the clerk's "actual knowledge," it provides no guidance as to how such an assessment is to be made.  There is good reason for the clerk not to rely on representations from other individuals.  First, those other individuals may be mistaken.  Second, not all individuals are entitled to the same degree of trust.  The clerk is ultimately responsible for certifying the status of an appeal.  The public is entitled to a certification based on the clerk's first-hand knowledge, not the passing on of mere hearsay.

In other words, in my view, Konover does not stand for the proposition that a clerk's actual knowledge of a pending appeal is necessarily dispositive of the jurisdictional question, regardless of the source from which that knowledge might flow.[3] Such an exception, in all cases where the clerk has learned of an appeal by some happenstance independent of the plaintiff's efforts at perfecting the appeal, could negate entirely the statutory requirement that timely notice be provided to the clerk. Moreover, such an exception would have the effect of requiring town clerks (as well as other town officials) to submit to litigation discovery in every instance where the plaintiff has failed to give the formal notice required by the statute.[4] While Konover and Garfield "expanded the manner in

---

[3] The majority takes the position that, given the Hickeys' notice to the board, we need not consider whether notice would be adequate if it came to the attention of the town clerk by some means other than communication among town officials. In every case of this nature, however, town officials will be named defendants and will therefore receive notice through service. See G. L. c. 40A, § 17 (second paragraph). I would expect that, in most cases, this information would further be transmitted to the town clerk through casual conversation among officials within town hall. Thus, this view has the potential to nullify the legislative requirement that separate notice be sent to the town clerk. See G. L. c. 40A, § 17 (first paragraph).

[4] Not only is such involvement in litigation burdensome, it causes town officials to be placed in the untenable position of assisting a party with perfecting his or her appeal. In the context of a zoning appeal, what is helpful to one party may be harmful to another. And where two neighbors are at loggerheads over a proposed project, both are the constituents of town officials. Here, the town planner and/or the assistant town

which the deadline could be met," see Bingham, supra at 571, I do not believe this expansion is broad enough to encompass this situation where there has been no attempt by the plaintiff to provide the written notice to the clerk required by the statute.

Written notice is contemplated by the statute's reference to "notice of the action with a copy of the complaint." G. L. c. 40A, § 17. See County of Norfolk v. Zoning Board of Appeals of Walpole, 16 Mass. App. Ct. 930, 930 (1983) (telephone notice that an appeal will be taken is nugatory because it puts nothing in the record by which interested third parties would be forewarned that the zoning status of the land is still in question). By relying on an oral representation to satisfy the notice requirement to the town clerk, the majority further extends the exceptions to the rule. See McLaughlin, supra (copy of complaint filed with clerk); Garfield, supra (notice of appeal and copy of complaint delivered to clerk); Carr, supra

---

clerk may well have scrupulously refrained from any active attempt to help the Hickeys by curing the notice defect -- which would have been to the detriment of project's proponent. I view such behavior as appropriately neutral, and not the sort of willful attempt to dodge notice or process that would be improper. As the town planner testified at deposition, "[the] responsibility to file with the Town Clerk the appeal of a decision is not mine . . . It's not my job to provide the Town Clerk what the attorney for the appellant is supposed to provide the Town Clerk."

(notice of appeal filed with clerk); Konover, supra (copy of complaint shown to clerk).

For these reasons, I would hold that a plaintiff seeking judicial zoning review is not entitled to the benefit of the town clerk's personal knowledge for purposes of satisfying G. L. c. 40A, § 17, unless that knowledge can reasonably be connected to a timely attempt to provide formal, written notice to the clerk by some reasonably effective means.  Such a rule is consistent with Konover, where the court emphasized the details of the plaintiffs' counsel's attempted service on the clerk's office, and found that his failure to do so was a "'relatively innocuous' misstep that was not 'so repugnant to the procedural scheme, so destructive of its purposes, as to call for dismissal."[5]  Konover, supra at 327, quoting from Schulte v. Director of the Div. of Employment Sec., 369 Mass. 74, 79 (1975).

---

[5] As stated in Konover, "[s]trict compliance with § 17 is not an undue burden; nor would be an inquiry directly to the town clerk's office prior to the expiration of the twentieth day as to the fact of the clerk's receipt of the papers.  Double-checking the accomplishment of such jurisdictional and potentially outcome-determinative matters appears to be well within the duty of competence within which a lawyer, as a fiduciary, owes to the client -- a duty that cannot be delegated without proper supervision and control."  Konover, supra at 327, n.13 (noting that Konover's procedural misstep might have been fatal in different circumstances).

Here, because the plaintiffs served only the board and made no attempt to provide separate notice to the town clerk, as required by the statute, I believe the appeal was properly dismissed by the Land Court.  See Pasqualino v. Board of Appeals of Wareham, 14 Mass. App. Ct. 989, 990 (1982).  I would affirm.